## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SOLON CITY SCHOOL DISTRICT BOARD OF EDUCATION, 33800 Inwood Road, Solon, OH 44139, | CASE NO. JUDGE |
| and | |
| LIBERTY MUTUAL INSURANCE COMPANY, 175 Berkeley Street, Boston, MA 02116, | **COMPLAINT FOR RECOVERY OF FEES PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA)** |
| Plaintiff, | |
| v. | |
| JASON  D. WALLACE, WALLACE & BACHE, LLC, 270 S. Cleveland Massillon Road, Fairlawn, OH 44333, | |
| and | |
| DANIEL R. BACHE, WALLACE & BACHE, LLC, 270 S. Cleveland Massillon Road, Fairlawn, OH 44333, | |
| and | |
| KRISTOPHER IMMEL, RODERICK LINTON BELFANCE LLP, 50 S. Main St., Tenth Floor, Akron, OH  44308, | |
| and | |

{02230121 -4}                                    1

|  |  |
|---|---|
| RODERICK LINTON BELFANCE, LLP, c\o Its Statutory Agent: Stephen J. Pruneski, 50 S. Main St., Tenth Floor, Akron, OH 44308,<br><br>and<br><br>WALLACE & BACHE, LLC, c/o Its Statutory Agent: Daniel R. Bache, 270 S. Cleveland Massillon Road, Fairlawn, OH 44333,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

1. This is an action for fees in an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA"), initiated and continued to be litigated by the Defendants even though frivolous, unreasonable, and/or without foundation and in a manner designed to needlessly extend and increase the costs of the litigation.

## JURISDICTION

2. This Court has original jurisdiction over this matter pursuant to IDEA's fee shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III), and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff, Solon City School District Board of Education, is a local education agency ("LEA") under IDEA for special education purposes.

4. Plaintiff, Liberty Mutual Insurance Company ("Liberty"), is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in

Boston, Massachusetts. At all times relevant herein, Liberty was authorized to conduct business in the State of Ohio. Further, at all times relevant herein, the District was insured by Liberty relative to the defense of the administrative proceeding claims alleged against the District by Defendants.

5. Defendant, Jason D. Wallace, is an attorney, licensed to practice law in the State of Ohio, who represented K.M. ("student"), who is a minor child who resides within the Solon City School District and who has been identified as a student eligible to receive special education and related services, and Lucia Mack ("parent"), K.M.'s parent, in an administrative special education due process proceeding conducted pursuant to IDEA. Defendant Wallace is a licensed member of the Ohio bar since May 2013.

6. Defendant, Daniel R. Bache, is an attorney, licensed to practice law in the State of Ohio, who represented student and parent in an administrative special education due process proceeding conducted pursuant to IDEA. Defendant Bache is a licensed member of the Ohio bar since May 2010.

7. Defendant, Kristopher Immel, is an attorney, licensed to practice law in the State of Ohio, who represented student and parent during certain, relevant periods of the aforementioned administrative special education due process proceeding conducted pursuant to IDEA. Defendant Immel is a licensed member of the Ohio bar since May 2012.

8. Defendant, Roderick Linton Belfance, LLP, is a law firm located at 50 S. Main Street, Akron, Ohio 44308, and the employer of Defendants Jason Wallace and Daniel Bache during the certain, relevant periods of the aforementioned administrative special education due process proceedings. Defendant Roderick Linton Belfance, LLP employed Defendant Immel during the entirety of his representation of student and parent.

9. Defendant, Wallace & Bache, LLC, is a law firm located at 270 S. Cleveland Massillon Road, Fairlawn, Ohio 44333, and the employer of Defendants Jason Wallace and Daniel Bache during certain, relevant periods of the aforementioned administrative special education due process proceedings.

## APPLICABLE LAW

10. The IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III), provides that a Court may award reasonable attorneys' fees to a prevailing party who is a local education agency against the attorney(s) of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation or who continues to litigate after the litigation clearly became frivolous, unreasonable, or without foundation.

11. The IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III), further provides that a Court may award reasonable attorneys' fees to a prevailing party who is a local education agency against the attorney(s) of a parent whose complaint or subsequent cause of action was presented for any improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation.

## FACTUAL ALLEGATIONS AND BACKGROUND

12. On or about April 14, 2015, an IDEA due process complaint was filed on behalf of student and her parent ("petitioners") and signed by Defendant Wallace against the Solon City School District Board of Education ("District"). Both Defendant Wallace and Defendant Bache were identified as counsel of record for petitioners on the due process complaint. Said complaint was hand delivered to the District by Defendant Wallace during a meeting between the District and parent. Defendant Wallace presented this complaint with an accompanying enclosure letter on Defendant Roderick Linton's letterhead that began by

stating "My firm was recently retained by [parent] regarding matters at Solon City Schools and [student]." See **Exhibit A**, attached.

13. The April 14, 2015 due process complaint was entirely without merit.

14. On or about April 17, 2015, Anne Piero Silagy was appointed as the administrative law judge; i.e., Impartial Hearing Officer ("IHO") to hear the case. All IHO costs are born by school districts pursuant to O.A.C. § 3301-51-05(K)(16)(d).

15. Student was not identified as, or suspected to be, a child with a disability at the time the April 14, 2015 due process complaint was filed by Defendants Roderick Linton, Defendant Wallace, and Defendant Bache. The District nevertheless decided to construe this complaint as a request by parent for student to be evaluated under IDEA. The District's offer to evaluate student was contained in its April 24, 2015 response to the due process complaint.

16. In its April 24, 2015 response, the District placed parent, Defendant Wallace and Defendant Bache on notice of its intent to seek fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). Defendants nevertheless continued to pursue their claims. See **Exhibit B**, attached.

17. On June 24, 2015, a telephonic status conference was conducted by the IHO wherein Defendant Wallace stated his intention to seek an independent educational evaluation of student. This stated intention was made by Defendant Wallace before the District had completed its evaluation of student and with knowledge that parent and student may only request an independent educational evaluation ("IEE") in the event they disagreed with the District's evaluation. Defendant Wallace's statement evidenced a predetermination to disagree with an evaluation not yet completed, as well as to pursue claims regardless of their merit.

18. At the time of Defendant Wallace's June 24, 2015 statement, he knew or should have known that the student had already been privately and independently evaluated.

19. During the June 24, 2015 teleconference, Defendant Wallace also stated his intent to consider withdrawing the due process complaint and to instead re-file it after the District completed its evaluation of student. Defendant Wallace's statement evidenced an intent to initiate litigation regardless of whether justification to do so existed and without properly vetting the merits of such threatened claims.

20. On June 26, 2015, Defendant Wallace filed a motion to withdraw the April 14, 2015 due process complaint. This motion again referenced Defendants' intent to re-file the due process complaint and pursue an IEE. This motion was filed by Defendant Wallace using an electronic signature bearing the signature block and address of Defendant Roderick Linton.

21. On July 1, 2015, IHO Silagy dismissed the April 14, 2015 due process complaint without prejudice.

22. On July 9, 2015, the District conducted a meeting at which the results of its evaluation of student were discussed. Defendant Wallace attended this meeting as counsel for parent and without the District's knowledge or consent recorded the meeting. The District's evaluation, documented in an evaluation team report ("ETR"), concluded that student was not a student with a disability under IDEA. Defendant Wallace directed parent to sign the ETR in disagreement and immediately requested an IEE. Parent did not provide a written statement of disagreement with the ETR as required by O.A.C.§ 3301-51-06(G)(1)(b)(i)(b).

23. When an IEE is requested, a local educational agency is required to either fund the IEE or initiate a due process action to establish the propriety of its ETR. Because its ETR was appropriate and because litigation about the ETR was a fixed and certain eventuality based

on the statements made by Defendant Wallace, on July 21, 2016 the District initiated a due process complaint with the Ohio Department of Education. The District served this due process complaint upon parent through Defendant Wallace on July 21, 2015. See **Exhibit C**, attached.

24. On or about July 22, 2015, IHO Silagy was again appointed to preside over the administrative proceedings.

25. On July 31, 2015, Defendant Bache submitted a response to the District's due process complaint. This response was signed by Defendant Bache immediately above his typed name and the firm name of Defendant Roderick Linton and was submitted on Defendant Roderick Linton's letterhead. See **Exhibit D**, attached.

26. The July 31, 2015 response submitted by Defendants contained numerous statements that were known or should have been known by Defendants to be false. In fact, perhaps the only accurate facts asserted in the response were that an ETR meeting was held on July 9, 2015, and that the District's due process complaint was initiated on July 21, 2015. Among other inaccuracies and false assertions, the response referenced student's asthma and alleged bullying. At the time of filing the response, Defendants had available to them a document authored by parent affirming that student did not have asthma. Student was likewise not bullied.

27. On August 24, 2015, an IDEA due process complaint was re-filed on behalf of student and her parent and signed by Defendant Wallace. Only Defendants Wallace and Roderick Linton were identified as counsel for the petitioners on this complaint, although Defendants Bache and Immel later participated in litigating the August 24, 2015 due process complaint. Said due process complaint was transmitted to District's counsel through Defendant Roderick

Linton's e-mail system and by regular mail with use of Defendant Roderick Linton letterhead that did not identify Defendant Wallace as an independent contractor or "of counsel." See **Exhibit E**, attached.

28. IHO Silagy was again assigned to preside over the administrative proceedings relating to the August 24, 2015 due process complaint.

29. The August 24, 2015 due process complaint contained factual allegations that were or should have been known by Defendants to be false at the time of filing the due process complaint, and that, even if true, were assertions over which the IHO did not have jurisdiction. Specifically, Defendants asserted that the District covered up an injury suffered by student, that the District was notified of student's "brain injuries," that the District failed to protect student from being reinjured, that the District failed to address the bullying of student, and that student qualified for an IEP. Each of these assertions, among others, was false.

30. The August 24, 2015 due process complaint set forth thirteen (13) identified problems, or claims, only one of which fell within the ambit of jurisdiction of the IHO because student was not a child with a disability. The remainder of claims was set forth without basis in law or fact and for the ostensible purpose of unreasonably protracting the litigation and with the intent of increasing the cost of litigation for Plaintiffs.

31. The August 24, 2015 due process complaint contained twelve (12) items proposed for resolution or relief. One such request was for an ETR, which had been provided to student nearly two months prior to the filing of the complaint by Defendants. Of the remaining eleven (11), five were known, or should have been known, by Defendants to not be available relief in an IDEA proceeding before an IHO.

32. On September 3, 2015, the District filed a response to the August 24, 2015 due process complaint which contained factual assertions demonstrating that the August 24, 2015 due process complaint was factually and legally without merit. The response also again offered parent the option of accessing education records directly as the release allowing the District to provide records to her counsel had expired. Despite the fact that the response placed parent's counsel on notice of the factual errors, meritless claims, and jurisdictional deficiencies in the August 24, 2015 due process complaint, Defendants[1] continued to pursue all aspects of the due process complaint. See **Exhibit F**, attached

33. On September 21, 2015, Defendants filed a Motion seeking for IHO Silagy to recuse herself. This Motion was based upon the potential service of the IHO in an unrelated Section 504 hearing and also referenced another matter. IHO Silagy suggested that the Motion be supplemented to provide clarification, but Defendants never did so. The Motion was an unjustified attack on the IHO, was wholly without merit, and served to increase the cost of litigation in requiring both a response from the District and a ruling by the IHO.

34. On September 28, 2015, IHO Silagy denied Defendants' Motion for recusal.

35. On October 6, 2015, IHO Silagy issued a scheduling Order placing Defendants on notice of the fact that a Disclosure Conference would be held on December 7, 2015 and that the due process hearing would proceed on January 6, 7, 27, 28, and 29, 2016. This Order also placed Defendants on notice of the IHO's expectations regarding the Disclosure Conference.

36. In order to avoid the costly litigation being thrust upon it by Defendants, the District filed a Motion to dismiss the parent's August 24, 2015 due process complaint on November 4, 2015. Defendant Wallace, through Defendant Roderick Linton's e-mail server, responded to this

---

[1]     For ease of reference, "Defendants" is used throughout this Complaint rather than listing each Defendant separately by time frame. Plaintiffs, however, intend for the collective "Defendants" to only include Defendant Immel beginning on January 25, 2016.

Motion with only an e-mail saying that Defendants would not be responding wherein he erroneously asserted that the IHO did not have authority to entertain the Motion.

37. On December 2, 2015, IHO Silagy issued an Order on the District's Motion to Dismiss. This Order found that the IHO lacked jurisdiction over the Section 504 claims,[2] bullying claims, harassment claims, and retaliation claims, as the District had noted in its responses to the due process complaints. This Order also denied Defendants' request to bifurcate the hearing and directed, again, Defendants to prepare a list of issues containing specific information to the Disclosure Conference.

38. On December 3, 2015, with the intent to cause unnecessary delay, Defendants requested that the Disclosure Conference be continued, but the IHO denied this request the following day.

39. Late in the evening on Sunday, December 6, 2015, Defendants filed a Motion in Support of Jurisdiction regarding Retaliation, a Motion to Shift Burden of Production, and a Motion for Sanctions. Defendants' jurisdictional motion was a dilatory response to the District's Motion to Dismiss and was effectively a motion for reconsideration of the IHO's December 2nd Order. Defendants knew at the time of filing each of these motions that each motion was without foundation and not supported by existing law. Defendants further knew at the time of filing each of these motions that filing the motions would needlessly increase the cost of litigation and filed them with the intent to so increase the cost of litigation.

40. At the Disclosure Conference, Defendants failed to come prepared with exhibits as previously ordered by the IHO. IHO Silagy granted Defendants additional time until December 21, 2015, to provide the District with exhibits.

---

[2]        Parent and Defendants never requested a due process hearing under Section 504 following the IHO's December 2, 2015 Order.

41. At the Disclosure Conference, the District requested subpoenas for student's treating providers as had been identified through Defendants' prematurely submitted witness list. Defendants advanced frivolous arguments in opposition to the execution of these subpoenas that served to unreasonably protract the Disclosure Conference and that ultimately necessitated additional motion practice.

42. At the Disclosure Conference, Defendants misrepresented to the IHO that parent had not obtained an independent evaluation of student. This statement was known by Defendants to be false. Student had been privately evaluated, and the private evaluation contained results commensurate with the District's ETR. The private evaluation of student established that she was not disabled, and was known to Defendants as they continued to litigate the issue of whether student was disabled.

43. On December 21, 2015, Defendant Wallace submitted an e-mail to IHO Silagy using Defendant Roderick Linton's e-mail server. This e-mail sought addition time to produce exhibits to the District, sought to only provide the exhibits in electronic format, asked for additional days of hearing to be added, asked the IHO to reconsider prior rulings, and asked to be relieved of the obligation to further clarify issues. This e-mail was opposed by the District. IHO Silagy allowed Defendants until December 28, 2015 to produce exhibits and denied all other requests. At the time Defendant Wallace submitted his e-mail, Defendants knew it was without foundation, that it would increase the cost of litigation for Plaintiffs, and that it would serve to unreasonably protract and delay the matter.

44. Upon information and belief, Defendants Wallace and Bache knew by mid-December 2015 that they had developed scheduling conflicts in relation to the first two days of hearing, yet failed to identify any such scheduling conflicts to Plaintiff District or IHO Silagy.

Defendants' failure to properly manage the calendars and/or dockets of Defendant Wallace and Defendant Bache and their failure to provide timely notice of such mismanagement served to needlessly delay the proceedings as is set forth more fully below.

45. Defendants failed to submit the required list of hearing issues. The District, in order to attempt to secure an efficient hearing with the orderly presentation of issues, was required to file a Motion to compel the submission of issues. Defendants, on December 24, 2015, filed a list of issues that wholly failed to comply with the letter and intent of the IHO's prior Order. Defendants' failure to properly articulate issues was designed to unreasonably protract and increase the costs of litigation for Plaintiffs.

46. On December 28, 2015, Defendants produced their "exhibits" to both the District and the IHO. Defendants' production of exhibits consisted of the en masse presentation of over 3,500 pages of documents in a partially-destroyed box that were not segregated into exhibits, but rather into meaningless groupings designated by unprofessional headings (ex., "Untimely Documents Produced by Respondent 269-360"; "Very Untimely Documents Produced by Respondent 361-860"; "Super Untimely Documents Produced by Respondent 861-1217"). This manner of production was known by Defendants to be in violation of the IHO's prior directives, and was done with the intent to harass and to increase the cost of litigation for Plaintiffs. At the time, Plaintiffs made Defendants aware that Defendants' conduct needlessly extended and increased the costs of litigation.

47. Defendants' December 28, 2015 production of documents ultimately served to verify that no justification had ever existed for Defendants' claimed inability to provide the documents 21 days earlier at the Disclosure conference.

48. Defendants' December 28, 2015 production of documents also contained the private/independent evaluation that Defendants represented did not exist to the IHO. This evaluation was dated May 27, 2015. The date of this evaluation established that Defendants knew for nearly three full months prior to the initiation of the August 24, 2015 due process complaint that the due process complaint was frivolous.

49. On January 2, 2016, Defendants filed an Objection to all prehearing motions and orders as well as a Notice of intent to seek costs. The District opposed both filings. Defendants' Objection asserted that IHO Silagy possessed authority to do nothing other than issue a final decision in the course of the hearing itself. Defendants' Notice asserted that the District should be obligated to pay for Defendant's business expenses of copy costs and postage. Both the Objection and Notice were without foundation, presented for improper purpose, and were designed to, and did, needlessly increase the cost of litigation for Plaintiffs.

50. On January 4, 2016, the District submitted 16 proposed stipulations to Defendant Wallace and Defendant Bache in order to eliminate litigation of unnecessary issues. Defendant Bach responded through Defendant Roderick Linton's e-mail server that only one stipulation was agreeable, and that others may become agreeable with some "tweaks." Defendant Bache never provided alternate stipulations for consideration. Defendants' failure to agree to at least 12 of the 16 proposed stipulations was without basis in fact. These 12 stipulations were known by Defendants to be true prior to the filing of the August 24, 2015 due process complaint, as well as found to be true by IHO Silagy. Defendant's failure to agree to the proposed stipulations was without foundation and unnecessarily increased the cost and duration of hearing with the intent of doing so.

51. On the afternoon on January 5, 2016, Defendant Wallace submitted an e-mail to counsel for the District and IHO Silagy explaining that he "may be getting ordered to appear for hearing" in the Summit County Court of Common Pleas. Defendant Wallace knew at the time of transmitting this e-mail through Defendant Roderick Linton's e-mail system that he had been so ordered by mid-December 2015. After IHO Silagy directed that Attorney Bache would be expected to appear for hearing, Defendant Wallace and Bache began to engage in a pattern of questionable behavior regarding their availability for upcoming due process hearing. This conduct ultimately resulted in the cancellation of the hearing on January 6, 2016. Defendants' conduct was intended to, and did, harass the District, increase the cost of litigation, and unnecessarily protract the litigation.

52. During a transcribed teleconference on January 6, 2016, ordered by IHO Silagy to address the continuance necessitated by Defendants' frivolous conduct, Defendant Wallace continued to engage in the aforementioned pattern of questionable behavior and conveyed, implicitly and explicitly, his opinion that IHO Silagy could not impose order, decorum, and respect upon the proceedings. Defendant Wallace also disclosed for the first time that he had prepared a new exhibit book relative to the upcoming due process hearing. Based on this statement, the District had no choice but to request the cancellation of the January 7th hearing date to allow adequate time to prepare based on the revised exhibits Defendants intended to use in their case. This conduct increased the cost of litigation and unnecessarily protracted the litigation with the intention of doing so.

53. IHO Silagy ordered Defendants to provide information regarding their alleged scheduling conflicts in advance of the January 6th teleconference. Defendants failed to adequately do so, and on January 6, 2016 IHO Silagy ordered Defendants to supplement the information

provided relating to alleged conflicts.  Defendants again failed to adequately do so.  In addition, the information that was submitted by Defendant Wallace demonstrated a flagrant disregard of the IHO's authority and purported to withdraw from representation.  IHO Silagy determined in her final decision that Defendant Wallace had not properly withdrawn.

54. Between the cancellation of the January 6 and 7, 2016 hearing dates and the commencement of hearing on January 27, 2016, Defendants continued to file frivolous motions and/or to oppose reasonable motions filed by the District.  Defendants also persisted in the improper service of subpoenas that disrupted the educational environment.  This conduct was intended to, and did, harass the District and increase the cost of litigation.

55. Less than 12 hours before the commencement of the continued due process hearing, Defendants filed an appeal of IHO Silagy's orders.  This appeal was frivolous and was filed with the sole intent of securing a stay of the proceedings in order to further unreasonably protract the litigation and increase the costs of hearing for Plaintiffs.  The IHO ultimately found that the interlocutory appeal did not operate as a stay of the proceedings, and ordered the hearing to commence on January 27, 2016.

56. At the commencement of the hearing, IHO Silagy read her Order of January 6, 2016 to the parent so as to apprise parent of the conduct of her counsel and of the warnings and directives in that Order.  Additional time was devoted to discussion of the various pending motions, the issue of the medical records and releases, and what issues would go forward at hearing despite Defendant Bache's assertions that he should not be required to articulate or clarify the issues he sought to litigate.

57. IHO Silagy also again placed Defendants on notice that she did not have jurisdiction over retaliation or Section 504 claims, and specifically advised Defendants that they would need

to file a Section 504 complaint. Despite these directives, Defendants pursued these claims during the due process hearing, thereby unnecessarily protracting the hearing and needlessly increasing litigation costs.

58. Prior to calling its first witness, the District read its proposed stipulations into the record, again in an attempt to eliminate litigation of unnecessary issues. Defendants Bache and Immel, among other things, refused to stipulate that parent agreed that student did not need to be evaluated in the areas of speech/communicative status, vision, hearing, fine motor, gross motor, and adaptive behavior during the planning meeting. These facts were all true and were known by Defendants to be true prior to filing the August 24, 2015 due process complaint as well as at the time the stipulation was requested. In fact, Defendants were in possession of a recording made without the District's knowledge or consent of the planning meeting that established these facts to be true prior to filing the August 24, 2015 due process complaint and at the time the stipulations were requested and rejected.

59. Defendants Bache and Immel also refused to stipulate to the fact that the parent was represented by counsel during the July 9, 2015 ETR meeting, despite the fact that Defendant Wallace was present at said meeting and signed the ETR attendance sheet, "Jason Wallace, counsel." Defendant Bache even went so far as to state that Defendant Wallace was acting only as a lay advocate. Further, Defendants were in possession of a recording made without the District's knowledge or consent of the July 9th meeting that established this claim regarding the role of Defendant Wallace to be false. This frivolous conduct resulted in a lengthy delay of the due process hearing during which Defendants Bache and Immel stepped out to deliberate on whether to stipulate to the fact known by each to be true by way of a phone call to Defendant Wallace. Following this lengthy display of frivolous conduct and

corresponding delay, Defendants ultimately agreed to stipulate to the fact known by them to be true; i.e., that Defendant Wallace was acting as the parent's counsel at all times relevant.

60. The July 9, 2015 evaluation planning meeting was surreptitiously recorded without the District's knowledge or consent and the recording was produced by Defendants to be used as an exhibit during the hearing.  The recording captures the parent admitting that student did not need to be evaluated in the areas of speech, vision and hearing, fine motor, and gross motor skills.  This recording was in Defendants' possession for over three months before the initial due process complaint was filed and for eight months before Defendants Bache and Immel failed to stipulate to these facts.

61. Defendants' lack of command of the facts, applicable law, and even of the content of their own exhibits was demonstrated throughout the due process hearing and unreasonably protracted the litigation and inflated the cost of litigation.

62. Throughout the due process hearing, the documentary and testimonial evidence presented – including that which was elicited by Defendants – demonstrated that Defendants' claims were without foundation, frivolous, unreasonable, and were intended to harass the District as well as unnecessarily increase the duration and cost of litigation for Plaintiffs.

63. On April 8, 2016, the parties submitted Post Hearing Briefs.

64. On April 29, 2016, the IHO issued her Final Decision.  In the Final Decision, the IHO found in favor of the District on all claims presented.  The IHO's Final Decision also made clear that there was no evidentiary support for the claims and defenses brought by Defendants, and that the conduct of Defendants was inappropriate, unprofessional, and served only to protract and inflate the costs of hearing.  Specifically, the IHO found that 1) the District fulfilled its child find obligations; 2) the District had no reason to suspect that student was disabled; 3)

the District's evaluation and ETR fully complied with OAC 3301-51-06; 4) the District's refusal to fund the IEE was proper under OAC 3301-51-05(G)(2); 5) the student is not disabled as defined by OAC 3301-51-01(B)(10); 6) the District provided the parent with access to student's education records; 7) Defendants failed to establish that any failure to receive copies of education records impeded her participation in the ETR planning meeting, ETR meeting, or due process hearing; and 8) the District is a prevailing party in cases SE 3156-2015 (relative to the District's July 21, 2015 due process complaint) and SE 3168-2015 (relative to Defendants' August 24, 2015 due process complaint [these cases were consolidated by IHO Silagy]. **See Exhibit G**, attached.

65. All conduct undertaken by Defendants Wallace, Bache, and Immel as set forth in the preceding paragraphs was undertaken while employed by Defendant Roderick Linton, and was undertaken in the course and scope of said employment. All pleadings, motions, and other submissions signed by Defendants Wallace, Bache and Immel, including the Post Hearing Brief, were signed "Respectfully submitted, Roderick Linton Belfance LLP" followed by an actual or electronic signature from Defendant Wallace, Bache, or Immel. A signature block providing contact information for Defendants Wallace, Bache, and Immel at Roderick Linton Belfance, LLP followed.

66. Defendant Roderick Linton had a duty to supervise Defendants Wallace, Bache, and Immel during the course and scope of their employment. Defendant Roderick Linton, however, failed to supervise Defendants Wallace, Bache, and Immel at all times relevant. Defendant Roderick Linton ratified the conduct of Defendants Wallace, Bache, and Immel by failing to control their conduct and/or to mitigate the damage caused by their frivolous and sanctionable conduct.

67. Defendants Wallace, Bache, and Wallace and Bache[3] continued to litigate all the issues identified in the August 24, 2015 due process complaint by appealing the IHO's decision on June 13, 2016, as well as the issue of IHO Silagy's recusal, to a State Level Review Officer ("SLRO") appointed by the Ohio Department of Education.

68. Monica R. Bohlen was appointed by the Ohio Department of Education as the SLRO.

69. On June 23, 2016, the District sought dismissal of the appeal for lack of subject matter jurisdiction.

70. Defendants amended their grounds for appeal on June 28, 2016, yet still failed to provide the requisite degree of clarity.

71. Defendants filed multiple motions for extensions of time with the SLRO which continued to protract the litigation unnecessarily.  Defendants also filed a "Motion to Supplement Record" and "Statement of Additional Evidence" that were without foundation and which were intended to, and did, increase the cost of litigation.  SLRO Bohlen found in favor of the District and denied Defendants' request to present additional evidence.

72. On September 12, 2016, Defendants submitted a brief in support of their appeal to the SLRO. Defendants' brief failed to set forth any facts or law to support that the IHO's Final Decision was in error or contrary to law.  Instead, Defendants' brief misstated applicable facts, raised additional and false claims, attacked the integrity of the IHO, and set forth lengthy but inapposite citations to law.

---

[3]  While Defendant Immel formally withdrew from representation on February 1, 2016, he may have continued working on the matter.  Defendant Immel, however, did not become an employee of Defendant Wallace and Bache.  Therefore, references to "Defendants" only from this paragraph on should be construed as excluding Defendant Immel.  In addition, references to "Defendants" from this paragraph on should also be construed as excluding Defendant Roderick Linton.

73. On October 10, 2016, the District filed its appellate brief. The length of the District's brief was made necessarily longer by the need to respond to the frivolous arguments and novel facts raised in Defendants' brief.

74. All conduct undertaken by Defendants Wallace and Bache as set forth in the preceding paragraphs relating to the SLRO appeal was primarily undertaken while employed by Defendant Wallace and Bache, LLP, and was undertaken in the course and scope of said employment.

75. On November 7, 2016, SLRO Bohlen issued a Final Decision and Entry ("SLRO Decision") upholding the Final Decision of the IHO in its entirety. **See Exhibit H**, attached.

76. The SLRO noted in her Decision that it was challenging for her to correlate Defendants' amended grounds of appeal with the argument topics "due to a complete lack of correlation."

77. The SLRO further found that Defendants failed to support their assertions about the IHO's bias with any facts or law and were without merit, and held it to be concerning that Defendants would persist in their misstatement of facts about the issue. Moreover, the SLRO found that a review of the administrative record revealed that not only was the IHO not biased against Defendants, but that she "bent over backward" to ensure that the parent had a fair hearing despite the behavior of parent's counsel.

78. In addressing the multitude of procedural issues raised by Defendants, the SLRO noted that Defendants' appellate arguments in this regard were "rambling and unorganized" and upheld all of the IHO's interlocutory rulings. In addition, the SLRO noted that there was not a reasonable basis for Defendants' arguments about the authority of the IHO with regard to the introduction of evidence. The SLRO further found that Defendants' conduct in regard to the evidentiary issues relating to medical records and releases was "costly" for the District.

79. The SLRO Decision upheld the IHO's finding that the District did not violate child find, and recognized that Defendants had attempted to assert novel facts on appeal. These novel facts were also untrue.

80. The SLRO Decision concluded that the District's ETR was appropriate, and that Defendants had failed to challenge the validity of the content of the ETR and had only attempted to challenge what the ETR omitted. The SLRO not only found that the ETR was not lacking in any regard, but also that the parent and Defendants were themselves responsible for the fact that the ETR lacked information contained in private medical assessments, and that the District was not required to send the student for a medical evaluation as a component of its evaluation. Defendants' arguments to the contrary were frivolous.

81. The SLRO Decision found that the parent was able to meaningfully participate in the ETR and all relevant meetings, and that Defendants failed to point to one single fact that would support their contention that the parent did not meaningfully participate.

82. The SLRO Decision, echoing a finding of the HIO, found that the parent and Defendants did not act in good faith.

83. The SLRO Decision upheld the finding of the IHO that the District's denial of the IEE was proper, that Defendants failed to address this in their appellate brief, but that even if they had, any challenge to the IHO's conclusion would have been meritless.

84. The SLRO Decision upheld the IHO's lack of jurisdiction over retaliation claims. Moreover, the SLRO found that Defendants' claims in this regard lacked merit, that Defendants relied on inapposite cases and misstated facts in their appellate brief, and that the lone fact relied on for the retaliation claim may have rendered the claim frivolous.

85. The SLRO Decision upheld the IHO's finding with regard to records access.  The SLRO found that Defendants failed to offer any evidence that the parent was denied access to the student's education records or how any such alleged denial affected her.  Instead, the SLRO found that Defendants had only referenced relevant law that was never in dispute.

86. The SLRO found that Defendants waived any appeal of the IHO's ruling relating to the bullying claim brought by Defendants.

87. The SLRO found Defendants' arguments relating to exhaustion of administrative remedies to be inconsistent.  For this and other reasons, the SLRO upheld the IHO's rulings regarding exhaustion.

88. The SLRO concluded that the District was a prevailing party.

89. Under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), Plaintiffs are entitled to an award of attorneys' fees for work performed related to Defendants' August 24, 2015 due process complaint and to the District's July 21, 2015 due process complaint.  Defendants' August 24, 2015, due process complaint and Defendants' defense of the July 21, 2015 due process complaint were frivolous and the claims identified by Defendants were frivolous, without foundation, and/or were based on factual allegations that were in error.

90. The allegations in Defendants' August 24, 2015 due process complaint, and defenses raised in response to the District's July 21, 2015 due process complaint were wholly without merit, were frivolous and without factual or legal foundation, and had absolutely no chance of success.

91. Defendants failed to conduct a reasonable inquiry into the merits of the claims prior to their filing of the due process complaints, including the August 24, 2015 complaint, and prior to denying the allegations in the District's July 21, 2015 due process complaint.

92. Defendants alleged facts in their due process complaints, including the August 24, 2015 due process complaint, and in their response to the District's July 21, 2015 due process complaint that, even if true, would not amount to a violation of the law.

93. Defendants initiated their due process complaints, including the August 24, 2015 due process complaint, and responded to the District's July 21, 2015 due process complaint and continued to litigate their claims and defenses even after it was obvious that their claims and defenses were meritless, frivolous, unreasonable, and without foundation.

94. Nearly all of the material facts alleged in the due process complaints, including the August 24, 2015 due process complaint, and in Defendants' response to the District's July 21, 2015 due process complaint were inaccurate, and Defendants were on notice of this fact and nevertheless continued to purse their claims and defenses so as to unreasonably protract the litigation against the District.

95. Defendants sought remedies not available under the law.

96. Defendants lacked any legal authority to support their arguments made at the due process hearing.

97. Kathryn Perrico, counsel for the District throughout these proceedings, is a licensed member of the Ohio bar since 2003, and has over 13 years of experience in the practice of school law.

98. Lisa Woloszynek, counsel for the District throughout these proceedings is a licensed member of the Ohio bar since 2015, and primarily practices school law.

99. In addition to Ms. Perrico and Ms. Woloszynek, other licensed and experienced attorneys as well as paralegals at WALTER HAVERFIELD LLP, and attorneys and paralegals from Ms. Perrico's prior firm expended time in connection with the aforementioned proceedings. To date, all such legal fees have been funded by Liberty, and total $84,013.61.

100. The District was obligated, pursuant to O.A.C.§ 3301-51-05(K)(16)(d), to compensation the IHO for her time and expenses in presiding over the proceedings.  Liberty could not, and did not, provide coverage for this expense.

101. The District was obligated, pursuant to O.A.C.§ 3301-51-05(K)(16)(a), to pay the cost of the court reporter in relation to the aforementioned proceedings.  Liberty could not, and did not, provide coverage for this expense.

102. Under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), Plaintiffs are entitled to attorneys' fees for work performed related to Defendants' continued litigation against the Solon City School District Board of Education, including but not limited to the appeal brought before the SLRO.

103. Defendants' behavior exhibited throughout the continued litigation against the Solon City School District Board of Education, including but not limited to the appeal brought before the SLRO, in which Defendants initiated and continued to litigate claims that were clearly meritless, without factual or legal foundation and which had no chance of success, resulted in $19,433.39 in court reporter fees and $30,185.10. in IHO fees.

104. Plaintiff District is entitled to recover the aforementioned fees pursuant to 28 U.S.C. § 1920.

105. Further, Defendants' behavior throughout the continued litigation against the Solon City School District Board of Education and in the due process appeal to the SLRO, in which Defendants initiated and continued to litigate claims that were clearly meritless without factual or legal foundation and had no chance of success, resulted in Plaintiffs incurring $84,013.61 in attorneys' fees, with additional attorneys' fees that will continue to accrue if the SLRO decision is appealed further and as a result of this fee petition in an amount yet to be determined.

## **COUNT ONE**

106. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 105 as if fully rewritten herein.

107. The due process complaints filed by Defendants, including but not limited to the August 24, 2015 due process complaint, and Defendants' defense of the District's July 21, 2015 due process complaint were frivolous, unreasonable, and/or without foundation.

108. The allegations in the due process complaints filed by Defendants, including but not limited to the August 24, 2015 due process complaint, and Defendants' defense of the District's July 21, 2015 due process complaint, were wholly without merit, were frivolous and without factual or legal foundation, and had absolutely no chance at success.

109. Defendants lacked any legal authority to support the arguments they made during the course of the proceedings.

110. Defendants failed to conduct a reasonable inquiry into the merits of the claims prior to the filing of the due process complaints, including but not limited to the August 24, 2015 due process complaint and before their defense of the District's July 21, 2015 due process complaint.

111. Defendants alleged facts in the due process complaints, including but not limited to the August 24, 2015 due process complaint, and in defense of the District's July 21, 2015 due process complaint that, even if true, would not amount to a violation of the law.

112. Defendants initiated the due process complaints, including but not limited to the August 24, 2015 due process complaint, and defended against the District's July 21, 2015 due process complaint even after it was obvious to them that their claims and defenses were meritless, frivolous, unreasonable, and without foundation.

113. None of the material facts alleged in due process complaints, including but not limited to the August 24, 2015 due process complaint and in defense of the District's July 21, 2015 due process complaint were accurate, and Defendants were clearly on notice of these deficiencies and their continued pursuit of their claims and defenses was intended to and did harass Plaintiffs and unreasonably prolong the litigation.

114. Because Defendants continued to litigate even though it was obvious that the allegations in the various due process complaints lacked merit, Defendants' continued pursuit of litigation in the administrative proceedings was frivolous, unreasonable, and/or without foundation. Further, Defendants' conduct unreasonably prolonged and protracted and increased the cost of the litigation.

115. Under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), Plaintiffs are entitled to a minimum award of $84,013.61 as damages may still accrue, in attorneys' fees for work performed in relation to the filing and defense of the due process complaints, as well as for work performed in the continued litigation after Defendants' litigation clearly became frivolous, unreasonable, without foundation, and/or presented for improper purpose.

116. Further, Plaintiff District is entitled to an award of $49,618.49 for costs and expenses associated with the due process complaints and Defendants' continued litigation after the litigation clearly became frivolous, unreasonable, without foundation, and/or presented for improper purpose.

**RELIEF**

WHEREFORE, Plaintiffs, Solon City School District Board of Education and Liberty Mutual Insurance Company, respectfully ask that the Court grant the following relief against Defendants,

{02230121 -4}                                   26

Jason D. Wallace, Daniel R. Bache, Kristopher Immel, Roderick Linton Belfance, LLP, and Wallace & Bache LLC:

A. Find that Defendants brought a due process complaint that was frivolous, unreasonable and without foundation;

B. Find that Defendants continued to litigate the claims in their due process complaint that were frivolous, unreasonable and without foundation;

C. Find that Defendants continued to defend against the District's due process complaint and that such defense was frivolous, unreasonable, without foundation, and/or presented for improper purpose;

D. An award to the District from Defendants, jointly and severally, of $49,618.49 in costs and expenses related to court reporter and hearing officer fees incurred by the District in the administrative proceedings;

E. An award to Liberty from Defendants, jointly and severally, reasonable attorneys' fees of $84,013.61 and accruing amounts yet to be determined for the Solon City School District Board of Education's representation in the administrative proceedings initiated and continued by Defendants on appeal. Plaintiffs further request that additional hours incurred in proceedings before this Court, not yet determined, be included in the final award of attorney fees to Plaintiffs. A detailed and itemized statement will be provided; and

F. Order any such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kathryn I. Perrico
Kathryn I. Perrico (Reg. No. 0076565)
    Direct Dial: 216-928-2948
    E-mail:  kperrico@walterhav.com
Christina Henagen Peer (Reg. No. 0071579)
    E-mail: cpeer@walterhav.com
    Direct Dial: 216-928-2918
Sara Ravas Cooper (Reg. No. 0076543)
    E-mail: scooper@walterhav.com
    Direct Dial: 216-928-2898
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH  44114
(216) 781-1212 telephone
(216) 575-0911 facsimile

*Attorneys for Plaintiffs,*
*Solon City School District*
*Board of Education and*
*Liberty Mutual Insurance Company*