**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

_____

| | |
|---|---|
| **Solon City School District Board of Education, et al.** | ) **CASE NO. 5:16-CV-02847** |
| **Plaintiffs,** | ) **JUDGE LIOI** |
| **v.** | ) **DEFENDANTS', JASON WALLACE,** |
| **JASON D. WALLACE, et al.** | ) **DANIEL BACHE, AND WALLACE** |
| **Defendants.** | ) **& BACHE LLC, JOINT MOTION** |
| | ) **TO DISMISS** |

_____

Defendants Jason Wallace, Daniel Bache and Wallace and Bache LLC ("Defendants"), jointly move this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint. This Honorable Court lacks subject matter jurisdiction over Plaintiffs' claims and Plaintiffs failed to state a claim against Defendants on which relief can be granted.

More specifically:

1. Plaintiffs assert claims and alleged damages against improper parties;

2. Plaintiffs fail to allege specific facts to support their claim the underlying administrative actions were frivolous or brought for an improper purpose;

3. Plaintiffs' allegations, even if true, do not amount to frivolousness or an improper purpose.

4. Plaintiffs request relief which is not entitled under law;

5. Plaintiffs' claims and alleged damages are time barred;

6. Plaintiffs' complaint should be dismissed as its deficiencies cannot be remedied.

1

Finally, Defendants request that the Court dismiss Plaintiffs' Complaint rather than allow them to amend their Complaint as the deficiencies cannot be remedied and its obvious their desire is to thwart protected activity. A Memorandum in Support is attached and referenced herein.

Respectfully submitted,

/s/ Jason Wallace
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC

2

**TABLE OF CONTENTS**

IN THE UNITED STATES DISTRICT COURT ...........................................................................1

FOR THE NORTHERN DISTRICT OF OHIO ............................................................................1

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ iii

STATEMENT OF THE ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENTS PRESENTED.............................................................................................................................. vi

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ......................................................1

I.      BACKGROUND ..................................................................................................................1

II.     LEGAL STANDARD ..........................................................................................................3

    A.      Standard for 12(b)(1) .................................................................................................3

    B.      Standard for 12(b)(6) .................................................................................................4

III.    LAW AND ARGUMENTS...................................................................................................4

    A.      Federal Rule Civil Procedure 12(b)(1)......................................................................4

    1.   Plaintiffs' Claims are Misleading to the Court and Intentionally False, Willfully Blind to the Truth, or are in Reckless Disregard of the Truth ..................................................5

    2.   Plaintiffs' Claims and Alleged Damages against Attorney Wallace Lack Subject Matter Jurisdiction as Attorney Wallace Withdrew from the Due Process Complaint Prior to Litigation......................................................................................................................10

    B.      Federal Rules of Civil Procedure 12(b)(6).............................................................11

    1.   IDEA's Attorney's Fee-Shifting Provision for School Districts Requires Plaintiffs to Sufficiently Allege Frivolousness and Improper Purpose. ............................................11

      ï      IDEA's Fee-Shifting Provision for School Districts is Governed by the Heightened Standard that Applies to Prevailing Defendants. ...................................................11

      2.   Courts Should Award Fees to Prevailing School Districts in Only the Most Egregious Circumstances Because of the High Risk of a Chilling Effect. .............................................15

    3.   Plaintiffs Have Failed to Allege Specific Facts to State a Claim for Relief under IDEA. .19

    ï      Plaintiffs' conclusory allegations cannot be taken as true..................................................19

      ï      Plaintiffs do Not Allege Facts to Support Frivolousness. ..............................................21

      2.      Plaintiffs do Not Allege Facts to Support an Improper Purpose. ...............................24

      3.      Plaintiffs allege facts that are incorrect and not supported by applicable law after having been notified of the correct law. ..................................................................................28

    C.      Plaintiffs Request Relief to Which They Are Not Entitled Under Law..........................29

    1.   20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Imposes Liability Only on the Attorneys Participating in the Administrative Proceedings and does not Impose Vicarious Liability on the Law Firm that Employs Those Attorneys...................................................................29

i

2.    Plaintiff Liberty Mutual Insurance Company is Not a Proper Plaintiff Since it is Not a Prevailing Party nor a State Educational Agency or Local Educational Agency...................31

3.    20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Does Not Authorize the Court to Award the Hearing Officer and Transcription Fees Requested by the Plaintiffs...................................................32

E.    The Complaint Should Be Dismissed as Its Deficiencies Cannot Be Remedied............36

1.    Plaintiffs' Claims and Alleged Damages are Time-Barred by the Statute of Limitations and, therefore, Lack Subject Matter Jurisdiction......................................................................37

IV.    CONCLUSION.................................................................................................................41

### TABLE OF AUTHORITIES

CASES

*AFSCME v. County of Nassau*, 96 F.3d 644, 651 (2nd Cir. 1996) ---------------------------------- 13

*Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21,  2008)-------------------------------------------------- 17, 18, 32

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459, 165 L. Ed. 2d 526 (2006) ------------------------------------------------------------------------------- 33

*Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)* --------------------------------------------------------------4, 11, 15

*Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6th Cir. 2005)--------------------------------------------13, 21

*BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742 (6th Cir. 2010)-----------------------29, 30

*Bell v. Hood,* 327 U. S. 678, 682 (1946), at 685 ----------------------------------------------------- 10

*Bray v. Alexandria Women's Health Clinic*, 506 U. S. 263, 285 (1993)----------------------------- 10

*C.W. v. Capistrano Unified Sch. Dist.*, 65 IDELR 31 (9th Cir. 2015) ------------------------------ 23

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) ------------------------------------passim

*Cypress-Fairbanks Indep. Sch. Dist. v. Barry*, 118 F.3d 245 (5th Cir. 1997)---------------------- 32

*Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840 -------------------------------------------------- 18

*Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993)------------------------------------------------6

*El Paso Indep. Sch. Dist. v. Berry*, 400 F. App'x 947 (5th Cir. 2010)-------------------------------- 34

*El Paso Indep. Sch. Dist. v. Berry,* 400 Fed. Appx. 947 (5th Cir. 2010) -------------------------- 17

*Fair v. Kohler Die & Specialty Co.*, 228 U. S. 22, 25 (1913) ----------------------------------------- 10

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002) - 14, 24

*Foman v. Davis*, 371 U.S. 178, 182 (1962) --------------------------------------------------------------- 36

*Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787 (S.D. Ohio 2009) ------------------ 4, 32, 36, 37

*Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015)------------------------------------19, 27

*Gibson v. Forest Hills Local School District Board of Education*, 14-3575, 14-3833, 14-3834, 15-3833-------------------------------------------------------------------------------------------------- 28

Ginx, Inc. v. Alliance, 720 F.Supp.2d 342 (S.D.N.Y., 2010) -------------------------------------------8

*Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000) -------------------------------------------4

*In re Big Rapids Mall Assoc. v. Mut. Trust Life Ins. Co.*, 98 F.3d 926, 932 (6th Cir. 1996)------ 13

*King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622 (6th Cir. 2000) -----------37, 38, 39, 40

*Lax v. District of Columbia*, 517 F. Supp.2d 57 (D. D.C. 2007)------------------------------------- 32

*M.L. v. El Paso Indep. Sch. Dist., No*. 3:08-CV-76-KC, 2009 WL 2761681, at *11 (W.D. Tex. Aug. 26, 2009) ----------------------------------------------------------------------------------------- 34

*Mr. L. v. Sloan*, 449 F.3d 405, 407 n. 2 (2d Cir.2006) --------------------------------------------- 35

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) -----------------------3

*Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)-------------------- 10

Parrino v. FHP, Inc., 146 F.3d 699 (C.A.9 (Cal.), 1998-----------------------------------------------8

*Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) ---------------------------------------------------------------------------------------------- 30

*Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552 (7th Cir.1995) ----------------------------------------------------------------------------------------------- 40

*R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) ---------------------passim
*Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) --------------------------------------- 16
*Romero v. International Terminal Operating Co.,* 358 U. S. 354, 359 (1959) -------------------- 10
*Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281 -----------------19, 27
*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, *89 (*1998) ------------------------------- 10
*Wayne D. v. Beechwood Independent School District*, 482 Fed.Appx. at 58 --------------------- 18

## STATUTES

20 U.S.C. § 1400(d)(1)(B)------------------------------------------------------------------------ 15
20 U.S.C. § 1415-------------------------------------------------------------------------------passim
20 U.S.C. § 1415(b) ----------------------------------------------------------------------------- 15
20 U.S.C. § 1415(i)(2) --------------------------------------------------------------------------- 18
20 U.S.C. § 1415(i)(3)(B)(i)--------------------------------------------------------------------- 38
20 U.S.C. § 1415(i)(3)(B)(i)(I) ---------------------------------------------------------------16, 35
20 U.S.C. § 1415(i)(3)(B)(i)(II) ------------------------------------------------------12, 13, 33, 36
20 U.S.C. § 1415(i)(3)(B)(i)(III) ------------------------------------------------------12, 14, 24, 36
20 U.S.C. §1415(i)(2)(B) ------------------------------------------------------------------------ 39
28 U.S.C. § 1927---------------------------------------------------------------------------------- 29
Ky.Rev.Stat. 13B.140(1)-------------------------------------------------------------------------- 39
O.R.C. § 119.092 --------------------------------------------------------------------------------- 38
O.R.C. § 119.12 --------------------------------------------------------------------------------38, 39
O.R.C. §2323.51(B)(1)---------------------------------------------------------------------------- 40
O.R.C. 119.092------------------------------------------------------------------------------------ 39
O.R.C. 3323.05(H)--------------------------------------------------------------------------------- 39

## OTHER AUTHORITIES

150 Cong. Rec.  S 11543 ------------------------------------------------------------------------- 35
150 Cong. Rec. H 10006-------------------------------------------------------------------------- 34
150 Cong. Rec. H 10021-------------------------------------------------------------------------- 34
150 Cong. Rec. S 11543 -------------------------------------------------------------------------- 35
150 Cong. Rec. S 11654 -------------------------------------------------------------------------- 35
150 CONG. REC. S11655 (daily ed. Nov.19, 2004) ------------------------------------------------- 12
150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy) --------------- 14
150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Reed). ------------------- 15
*ABA Comm. on Nonlawyer Practice, Nonlawyer Activity in Law Related Situations: A Report
    with Recommendations*, 81 (1995).---------------------------------------------------------- 17

## RULES

F.R.C.P. 11(b). -----------------------------------------------------------------------------------9
Fed. R. Civ. P. 11 -----------------------------------------------------------------------------13, 30
Fed. R. Civ. P. 12(b)(1) ----------------------------------------------------------------------------3
Fed. R. Civ. P. 12(b)(6) ----------------------------------------------------------------------4, 24, 28
Fed. R. Civ. P. 12(b)(6) ----------------------------------------------------------------------------4
Fed. R. Civ. P. 60(b)(3) -----------------------------------------------------------------------------5
Fed. R. Civ. P. 8(a)(2)-------------------------------------------------------------------------------4
O. A. C. 3301-51-05(G)(2)(d)----------------------------------------------------------------------- 29

iv

O. A. C. 3301-51-06(G)(1)(b)(i)(b). ------------------------------------------------------------------------ 28
O.A.C. § 3301-51-06(G)(2)(b)------------------------------------------------------------------------- 36
O.A.C. 3301:51-05(K) ----------------------------------------------------------------------------------3
O.A.C. 3301:51-5(K)(16)------------------------------------------------------------------------------ 32
O.A.C. 3301-51-05(K)(14) --------------------------------------------------------------------------- 27
O.A.C. 3301-51-05(K)(17)(e)------------------------------------------------------------------------ 27
O.A.C. 3301-51-05(K)(7)(a)(i).--------------------------------------------------------------------- 26
O.A.C. 3301-51-05(K)(b)(iii)(c)-------------------------------------------------------------------- 27
Ohio Admin. Code 3301:51-05 (K)(15)(c)-------------------------------------------------------- 27

**STATEMENT OF THE ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENTS PRESENTED**

1.  Whether Plaintiffs claims and alleged damages against Defendants Wallace & Bache, Daniel R. Bache, and Jason D. Wallace improper?

    Under the IDEA, in extremely rare circumstances Attorneys' fees can be granted to a school district. Here, Plaintiffs must allege facts sufficient to state a plausible claim under IDEA that Plaintiffs' attorney's fees should shift to Defendants because Defendants filed or pursued cause of action that was frivolous, unreasonable, or without foundation; continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or did so for an improper purpose. Plaintiffs have failed to show the claim was frivolous, unreasonable, or without foundation; that attorney Wallace continued to litigate after the litigation clearly became frivolous or presented for improper purpose; or presented for improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

2.  Whether Plaintiffs sufficiently alleged frivolousness and improper purpose as required by IDEA's attorney fee shifting provision?

    Under the IDEA, in extremely rare circumstances Attorneys' fees can be granted to a school district. Here, Plaintiffs must allege facts sufficient to state a plausible claim under IDEA that Plaintiffs' attorney's fees should shift to Defendants because Defendants filed or pursued a frivolous due process action or did so for an improper purpose. Plaintiffs have failed to show the claim was frivolous or presented for improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

3.  Whether Plaintiffs alleged specific facts to state a claim for relief under IDEA?

    To succeed on a fee shifting claim under the IDEA, the Plaintiffs must allege specific facts to raise a right to relief above a speculative level. Plaintiffs have made conclusory statements and have been unable to plead any facts that could refute Defendants' position that their client's due process claim was legitimate both in merit and purpose.

4.  Whether Plaintiffs requested relief to which they are not entitled to under law?

    Under the IDEA's fees shifting scheme only schools and state educational agencies can receive attorneys' fees.  Here, the Plaintiffs seek costs and fees and one Plaintiff is not a school or state educational agency.

5.  Whether Plaintiffs' claims and alleged damages time barred by the statute of limitations?

vi

Similar to Federal Rule of Civil Procedure 54, parties seeking fees in an IDEA action do not have a lot of time to seek those fees.  Here, Plaintiffs needed to seek fees within fifteen (15) days from the administrative decision in which they allege the cause of action accrued.

6.      Whether the Plaintiffs' complaint be dismissed as its deficiencies cannot be remedied?

If sought, the Plaintiffs should not be permitted amend their Complaint since it is clear they did not state a claim upon which relief can be granted and they are only seeking to chill protected activity.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SOLON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et. al.<br><br>    Plaintiff,<br><br>    v.<br><br>JASON D. WALLACE, et. al.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 5:16-CV-02847<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I.   BACKGROUND

This case is about a school district seeking to punish attorneys for responding to a due process complaint filed by Plaintiff Solon City School District Board of Education (referred to as "Solon", "District" and "BOE") and bringing a special education administrative due process claim that was ultimately unsuccessful. Defendants Jason Wallace and Daniel Bache's client, the Mack family ("Clients" or "Mack"), responded to a due process complaint filed by Plaintiff and, in response to the Plaintiff's due process complaint, sought a special education administrative due process hearing alleging their minor child was a student with a disability for purposes of Section 504 of the Rehabilitation Act ("Section 504") and the Individuals with Disabilities Education Improvement Act ("IDEA"), that she was denied a Free Appropriate Public Education ("FAPE"), failed to protect her from or to address bullying concerns, and failed to conduct a manifestation determination prior to her latest disciplinary events.

1

At the time of filing the Due Process Complaint, the K.M., Mrs. Mack's minor child, was a ninth-grade student at Solon City School District ("Solon") and did not have an individualized education program ("IEP") or a 504 plan as required for students with disabilities pursuant to the IDEA and Section 504.  Additionally, at the time of the filing of the August 24, 2015, Due Process Complaint, the K.M. was being bullied regularly, suffered from Anxiety Disorder Not Otherwise Specified, Adjustment Disorder with mixed anxiety and depressed mood, Depressive Disorder Not Otherwise Specified, had suffered three concussions in the last year, and suffered from asthma. Doc #: 5-4 PageID #: 228.  In fact, this same document advised the Plaintiff of how the concussions precipitated the anxiety, which led to school avoidance, poor focus, display of more depressive symptoms, somatic symptoms, and suicidal ideations as well as K.M.'s prescription of Prozac medication.

K.M. experienced numerous problems in her seventh and eighth grade as well. These problems at school included being the target of bullying, suffering migraines so bad they caused blindness, poor concentration, poor grades, and numerous disciplinary incidents. However, this history was given little if any review by the Plaintiff when evaluating the child.

The Plaintiff initially did not suspect K.M. had a disability making her eligible for IDEA protections and support. The Macks' sought relief in the form of an Evaluation Team Report ("ETR"), an Initialized Education Plan ("IEP"), compensatory education, Teachers and staff to be trained in practical steps to spot and respond to bullying and how to appropriately respond and intervene in these situations, to be declared prevailing party, attorney's fees, other remedies as they become known, and any other remedy the Impartial

2

Hearing Officer ("IHO") feels appropriate. Unfortunately, the IHO did not find in favor of the Macks.

Then, the Mack family sought to continue to exhaust their administrative remedies and challenge the impartial hearing officer's decision by appealing to a state level review officer ("SLRO"). Unfortunately, the SLRO did not allow the addition of evidence. The SLRO then affirmed the IHO's decision.

Solon City School District Board of Education ("Solon" or "Plaintiff") filed this original action for attorney's fees against Jason D. Wallace ("Mr. Wallace"), Daniel R. Bache ("Mr. Bache"), Kristopher Immel, Roderick Linton Belfance LLP ("Roderick"), and Wallace & Bache, LLP ("Wallace & Bache, LLP"), (collectively "Defendants") with this Honorable Court on November 22, 2016 (Doc#:1). Plaintiffs' Complaint alleged that Defendants filed a frivolous due process action for an improper purpose with the Ohio Department of Education under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415 and Ohio Admin. Code 3301:51-05(K). Plaintiffs' Complaint must be dismissed because this Honorable Court lacks subject matter jurisdiction and the Complaint fails to allege any facts that would support the high standards for frivolousness or improper purpose that make up the limited circumstances in which a school district may recover fees from a parent or their attorney.

## II.    LEGAL STANDARD

### A.  Standard for 12(b)(1)

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may be categorized as either a facial attack or factual attack on the sufficiency of the pleading. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Courts reviewing a facial attack accept a

complaint's allegations as true; whereas, courts reviewing a factual attack need not presume the truth of the complaint's allegations. *Id*. The plaintiff has the burden of establishing the existence of subject matter jurisdiction. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

### B.  Standard for 12(b)(6)

Plaintiffs' Complaint must allege sufficient facts that state a plausible claim for relief. "A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint" *Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787, 791 (S.D. Ohio 2009). A complaint may be dismissed if it fails to state a claim upon which relief can be granted. *Id*. In *Ashcroft v. Iqbal*, the U.S. Supreme Court interpreted the complaint pleading standards under Fed. R. Civ. P. 12(b)(6) and 8(a)(2), and clarified its previous decision in *Bell Atl. Corp. v. Twombly*, concerning the factual support necessary to satisfy Rule 8(a)(2). 129 S.Ct. 1937 (2009). After *Iqbal*, to survive a Rule 12(b)(6) motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*., 129 S.Ct. at 1940, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). The *Iqbal,* Court divided its analysis into two steps: (1) to identify any conclusory allegations in the complaint that cannot be accepted as true; and (2) to determine "whether the complaint pleads a claim that is plausible on its face." *Frey v. Novartis Pharm. Corp*., 642 F. Supp.2d 787, 791 (S.D. Ohio 2009) (citing *Ashcroft v. Iqbal,* 129 S.Ct. at 1949, 1950). If, after this analysis, it is determined the complaint fails to meet the standard, the complaint should be dismissed pursuant to Rule 12(b)(6). *Id.*

## III.    LAW AND ARGUMENTS

### A.  Federal Rule Civil Procedure 12(b)(1)

4

As a threshold matter, the Court must decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). A defendant may challenge subject matter jurisdiction by filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). In reviewing a factual attack on subject matter jurisdiction, no "presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The court may allow "affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). *Ryan v. McIntosh,* Case No. 2:13-CV-00880 (S.D. Ohio, 2014)

### 1. Plaintiffs' Claims are Misleading to the Court and Intentionally False, Willfully Blind to the Truth, or are in Reckless Disregard of the Truth

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Plaintiff's motion for relief from judgment is based, at least in part, on alleged fraudulent representations to the Court made by Defendants, and Defendants' concealment of important documents during discovery. Doc. #498, PAGEID #9087-88. Fraud on the court consists of conduct:

1. On the part of an officer of the court;
2. That is directed to the "judicial machinery" itself;

5

3. That is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth;
4. Is a positive averment or is concealment when one is under a duty to disclose;
5. That deceives the court.

*Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993).

Plaintiffs raise their allegations under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). To have jurisdiction over the subject matter of this action, the Plaintiffs must allege facts that properly assert Defendants' either filed "a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation" and allege facts that properly assert "the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." When looking at a Motion to Dismiss under 12(b)(1), the court may look at extrinsic evidence. *Ryan v. McIntosh,* Case No. 2:13-CV-00880 (S.D. Ohio, 2014)*.* Plaintiff in this case have possession of documents that have the effect of rendering the complaint misleading. *See attached* Exhibits 1, 2, 3, 4, 5, 6.

The issues raised in the Macks' due process complaint and listed in the List of Proposed Issues on October 20, 2015 included:

1. Was KM denied FAPE under IDEA and 504?
4. Did the District violate its child find obligations under IDEA and 504?

Doc #: 5-7 PageID #: 242. The List of Proposed Issues (2) on December 24, 2015, filed with the IHO, included:

ix. Did the "team" consider all of the relevant data and information?
xix. Should the "team" have considered how many times KM went to the nurse, school counselor, social worker etc.?

Doc #: 5-7 PageID #: 250.

6

At the time of the filing of the Mack due process complaint, Laurel Greene, now known as "Laurel Kaiser" (hereinafter referred to as "Ms. Greene"), was working as a school counselor through the Social Advocates for Youth – School Based Prevention Program, known as SAY and serviced by Bellefaire Jewish Children's Bureau (hereinafter "Bellefaire" or "JCB"). Ms. Greene had an email address provided by and serviced through the Plaintiffs Solon Board of Education, being LaurelGreene@solonboe.org. Ms. Greene provided counseling services to K.M. and kept records of the services in the form of "Service Documentation", attached hereto as Exhibit 1. These school based records were kept separate and distinct from the Bellefaire records as shown in the JCB SAY Confidentiality Policy, attached hereto as Exhibit "2".

The Plaintiffs' had access to Ms. Greene's Service Documentation regarding K.M. through a release signed by Mrs. Mack on April 21, 2015, attached hereto as Exhibit "3."  This document provided the Plaintiff's with access to all prior Service Documentation as well as any through the end of the school year. Further, the Plaintiffs have in their possession all emails that Ms. Greene sent or received through their email system, "solonboe.org.", attached hereto as Exhibit 4. These include the emails where Kelly Amstutz, a School Counselor at Solon Middle School referred K.M. to Ms. Greene. *See attached* Exhibit 4, pg. 25.

The SAY ECHO Intake Screens form, attached hereto as Exhibit 5, describes the "Reason for Referral" as "… concerns related to anxiety and the impact K.M.'s anxiety has had on school functioning. Those reasons for referral are bolstered by the SAY Initial Screening form describing the "Reason for Referral" as:

> "Student was referred by guidance counselor Kelly Amstutz due to concerns related to anxiety. K.M.'s anxiety has interfered with her school attendance- student has missed days of school and has had trouble coming to school in the mornings."
> Under the "Presenting Problems" section of the SAY Initial Screening form it states:
> "Student K.M. began to experience an increase in anxiety following numerous concussions she received. This history of concussions is believed to have started

7

> the previous year when another student hit her head into a locker. This other student stated he did not intend to harm her. K.M. is actively involved in volleyball outside of school and suffered an additional concussion after being hit in the head with a ball at a game. K.M. states her anxiety is surrounding missing so much school due to this most recent injury, anxiety, making up work, and fear of getting hit in the head again. K.M. also reports having anxiety about other things such as her brothers and says she experiences panic attacks "sometimes." K.M.'s parents separated and she spends most weekends at her dad's house, and weekends at her mom's.
> Most recently K.M. has also experienced anxiety|stress related to girls saying mean"

Attached hereto as Exhibit 6. This form goes on to discusses K.M.'s taking of medicine for the anxiety, and her continued services with an outside provider and counselor related to the recent increase in anxiety and issues faced in and out of school.

Moreover, the April 21, 2015 Service Documentation completed by Ms. Greene, lays a legal and factual foundation while evidencing the merit of Defendants' filing Macks' due process complaint. *See* Exhibit 1, pg. 3. Specifically, under the "Summary of Session, Activities/Topics/Interventions" heading, the April 21, 2015 Service Documentation states:

> "Met with principal, assistant principal, Guidance Counselor, School Psychologist, and Solon District Attorneys to discuss legal concerns related to K.M. Reviewed support services provided as well as specific interactions had with mom and K.M. to address mother's concerns over the past 2 years. Discussed the need for a formal I.E.P. evaluation to determine if K.M meets the criteria for additional supports. A 504 plan will be put in place until testing is complete. Provided information surrounding frequency of meetings with K.M. as well as what support was given to address school related anxiety and bullying. Discussed how school can continue to support Kiana during this process." Exhibit 1, pg. 3.

In summation, the Plaintiffs were aware of the documents from Ms. Greene, obviously is on notice of the contents of the documents, and the authenticity of the documents is not disputed[1], the documents are integral to their claims.[2] As dictated by Federal Rules of Civil

---

[1] Parrino v. FHP, Inc., 146 F.3d 699 (C.A.9 (Cal.), 1998),

[2] Ginx, Inc. v. Alliance, 720 F.Supp.2d 342 (S.D.N.Y., 2010)

8

Procedure, Attorney Perrico's signature on the Complaint, Doc #: 1 PageID #: 28, above her name and the names of Attorney Christina Henagen Peer and Sara Ravas Cooper  represents to the Court that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

F.R.C.P. 11(b).

 By making allegations in the Complaint (Doc #: 1), such as but not limited to, "[t]he due process complaints filed by Defendants, including but not limited to the August 24, 2015 due process complaint, and Defendants' defense of the District's July 21, 2015 due process complaint were frivolous, unreasonable, and/or without foundation";  " were wholly without merit, were frivolous and without factual or legal foundation, and had absolutely no chance at success"; and, "Defendants failed to conduct a reasonable inquiry into the merits of the claims prior to the filing of the due process complaints, including but not limited to the August 24, 2015 due process complaint and before their defense of the District's July 21, 2015 due process complaint" while being aware of the Ms. Greene documents, they are intentionally seeking to mislead this Honorable Court. *Doc #:1* ¶¶ 49, 62, 89, 90, 91, 92, 93, 94, 107, 112, 114, 115, 116.

Lastly, a federal court lacks jurisdiction over a claim involving federal law "only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'" *Steel Co. v.*

9

*Citizens for a Better Env't,* 523 U.S. 83, *89 (*1998) (jurisdiction lacking on standing grounds) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974) (jurisdiction upheld)). The Plaintiffs' actions in misleading this Honorable Court undermines subject matter jurisdiction despite a federal question being alleged.

It is clear Plaintiffs' Complaint is completely devoid of merit as to not involve a federal controversy. As well, it is more than apparent Plaintiffs' Complaint is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth and intended to deceive this Honorable Court.

> **2.      Plaintiffs' Claims and Alleged Damages against Attorney Wallace
> Lack Subject Matter Jurisdiction as Attorney Wallace Withdrew
> from the Due Process Complaint Prior to Litigation**

The district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *Bell v. Hood,* 327 U. S. 678, 682 (1946), at 685, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id*., at 682-683; *see also Bray v. Alexandria Women's Health Clinic*, 506 U. S. 263, 285 (1993); The *Fair v. Kohler Die & Specialty Co*., 228 U. S. 22, 25 (1913). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N. Y. v. County of Oneida*, 414 U. S. 661, 666 (1974); see also *Romero v. International Terminal Operating Co.,* 358 U. S. 354, 359 (1959). *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)

Plaintiffs' claims and alleged damages against attorney Jason Wallace fail because they are completely devoid of merit as not to involve a federal controversy. Plaintiffs' were aware of attorney Wallace's withdraw from the due process complaint administrative matter prior to any hearing being conducted, and were aware of Ms. Greene's documents showing the District was aware of K.M.'s disabilities.  Attached as Exhibit 7 is the affidavit of attorney Daniel R. Bache regarding attorney Wallace's withdraw from the matter as well as the Plaintiffs' knowledge of his withdraw through the formal Notice provided to the IHO.

**B.  Federal Rules of Civil Procedure 12(b)(6)**

**1.  IDEA's Attorney's Fee-Shifting Provision for School Districts Requires Plaintiffs to Sufficiently Allege Frivolousness and Improper Purpose.**

To satisfy *Iqbal*, Plaintiffs must allege facts sufficient to state a plausible claim under IDEA that Plaintiffs' attorney's fees should shift to Defendants because Defendants filed or pursued a frivolous due process action or did so for an improper purpose.

ï  **IDEA's Fee-Shifting Provision for School Districts is Governed by the Heightened Standard that Applies to Prevailing Defendants.**

Compared to IDEA's provision that allows a parent to receive attorney's fees simply as a prevailing party, there is a heightened standard for school districts to meet that aligns with case law holding that fees should not shift to prevailing school districts except in the most egregious cases. *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) ("The IDEA allows a prevailing state educational agency or school district to collect fees in certain rare circumstances.") As the Ninth Circuit noted, "the IDEA's language granting fees to prevailing defendants is nearly identical to the standard the Supreme Court developed in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), which is now the standard for awarding fees to prevailing defendants in civil rights cases." *Id.* Idea's legislative history

11

further confirms this. 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen.

Kennedy) (stating that "the conferees intend to codify the standards set forth in

*Christiansburg*").[3]

Under *Christiansburg*, a prevailing defendant is not entitled to an award of attorney's

fees on the same basis as a prevailing plaintiff. *Christiansburg Garment Co. v. EEOC*, 434

U.S. 412, 418-19 (1978). Rather, a "plaintiff should not be assessed her opponent's attorney's

fees unless a court finds that her claim was frivolous, unreasonable, or groundless, or that the

plaintiff continued to litigate after it clearly became so." *Id* at 422. The provisions of IDEA

that permit shifting fees to unsuccessful parents and their attorneys, thus is a much more

stringent standard than for a prevailing parent.

First, IDEA's attorney's fees provision applicable to parents' attorneys requires

showing frivolousness:

> [i]n any action or proceeding brought under this section, the court, in its
> discretion, may award reasonable attorneys' fees as part of the costs--
> . . .
> (II) to a prevailing party who is a State educational agency or local educational
> agency against the attorney of a parent who files a complaint or subsequent cause
> of action that is frivolous, unreasonable, or without foundation, or against the

---

[3] While amending IDEA's provisions in 2004, Congress first contemplated that the Christiansburg standard applied to only 20 U.S.C. § 1415(i)(3)(B)(i)(II), the provision governing an award of attorney's fees to a parent's attorney, and that the standard under Fed. R. Civ. P. 11(b)(1) applied to 20 U.S.C. § 1415(i)(3)(B)(i)(III), the provision governing an award of attorney's fees to both a parent and a parent's attorney. See, 150 Cong. Rec. S5349 (daily ed. May 12, 2004) (testimony of Sen. Gregg). However, immediately prior to passing the bill in November 2004, Congress stated its intention to codify Christiansburg into both 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) of IDEA's attorney's fees provisions. See, 150 Cong. Rec. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy)("By adding at Note 231 sections detailing the limited circumstances in which local educational agencies and State educational agencies can recover attorney's fees, specifically, Sections 615(i)(3)(B)(i)(II) and (III), the conferees intend to codify the standards set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). According to Christiansburg, attorney's fees may only be awarded to defendants in civil rights cases where the plaintiffs' claims are frivolous, without foundation or brought in bad faith.")

12

attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

20 U.S.C. § 1415(i)(3)(B)(i)(II). In other words, to state a claim against a parent's attorney, a school district must plead sufficient factual allegations that the due process complaint was frivolous or that the attorney proceeded after frivolousness became clear.

Courts applying the *Christiansburg* standard have held that a claim is frivolous if the plaintiff provides no evidence or legal authority in support of her claim or if the facts plaintiff alleges could never amount to a violation of law. *See e.g. Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6th Cir. 2005) (certain claims were frivolous after plaintiff learned in discovery that her facts did not support her legal theories); *AFSCME v. County of Nassau*, 96 F.3d 644, 651 (2nd Cir. 1996) (plaintiffs' claims were not frivolous as they produced evidence that established a prima facie violation of Title VII of the Civil Rights Act of 1964). Additionally, in a Rule 11 context, the Sixth Circuit has held that courts cannot sanction an attorney absent evidence of lawyer fault. See e.g., *In re Big Rapids Mall Assoc. v. Mut. Trust Life Ins. Co.*, 98 F.3d 926, 932 (6th Cir. 1996) (In Bankruptcy Court, "[a]bsent some further evidence of attorney fault, a lawyer cannot be sanctioned because a judge at some later date believes her client lacks credibility or is even lying under oath.").

Therefore, to state a claim against Defendants, Plaintiffs must plead specific factual allegations, including evidence of lawyer fault, that Defendants filed a frivolous due process complaint or proceeded after frivolousness became clear.

Second, IDEA's attorney's fees provision applicable to parents' attorneys and parents requires showing an improper purpose:

[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
. . .

13

(III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(III). Fees shift under this provision only if a parent or parent's attorney pursued a claim for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

When applying this provision, the Ninth Circuit held that a school district must demonstrate both frivolousness and an improper purpose to collect attorney's fees. *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). In Prescott, the court concluded that because the parents' due process action was not frivolous, it necessarily was not brought for an improper purpose because "[a]s a matter of law, a non-frivolous claim is never filed for an improper purpose." *Id.* (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc)).

A result, like the holding in *Prescott*, is reached after applying the "bad faith" analysis that is also incorporated into this part of IDEA's fee-shifting provision. See, 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy) ( "According to *Christiansburg*, attorney's fees may only be awarded to defendants in civil rights cases where the plaintiffs' claims are frivolous, without foundation or brought in bad faith.") (emphasis added).

In the context of a court's inherent authority to impose attorneys' fees as sanctions, the Sixth Circuit has equated an improper purpose to "bad faith" and held that it requires a showing of both frivolousness and improper purpose to succeed. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002). In *First Bank*, the court held that to grant attorney's fees under the "bad faith" exception, "this Court's precedents establish that 'a district court must find that the claims advanced were meritless, that counsel

14

knew or should have known this, and that the motive for filing the suit was for an improper purpose.'" *Id.* quoting *Big Yank Corp v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (internal citations and quotations omitted). It follows then, that to succeed in a request for attorney's fees because of an improper purpose, the prevailing defendant must demonstrate both frivolousness and a subjective motive of filing a suit for an improper purpose. Consequently, in line with the reasoning of the Sixth and Ninth Circuits and to meet *Iqbal's* pleading requirements under IDEA's standards governing both parents and their attorneys, Plaintiffs must plead factual content that creates a plausible claim that the due process action was frivolous and Defendants' motives for bringing the due process claim were improper. Plaintiffs have failed to do so.

**2.      Courts Should Award Fees to Prevailing School Districts in Only the Most Egregious Circumstances Because of the High Risk of a Chilling Effect.**

The IDEA creates a heightened standard within its attorney's fees provision for shifting fees to parents and their attorneys that requires the Complaint to be reviewed more carefully than if the plaintiff here were a prevailing parent. At its core, IDEA endeavors to guarantee that children with disabilities "receive the educational assistance and support they need and deserve." 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Reed). Consequently, one of IDEA's underlying principles is to protect the rights of children and their parents to seek and obtain, through the courts if necessary, essential educational and related services. 20 U.S.C. § 1400(d)(1)(B). To this end, parents and children are entitled to file an administrative due process complaint against a school district when the school district fails to provide a child with a disability with a free and appropriate public education. 20 U.S.C. § 1415(b).

Following the *Christiansburg* standard, IDEA's attorney's fees provision does not shift fees to a prevailing defendant on the same basis as a prevailing plaintiff. To obtain attorney's fees under IDEA, a parent need only demonstrate that she/he was a prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i)(I). However, a school district may obtain fees only in the limited circumstances of frivolousness and for an improper purpose described above. These different standards place a greater burden on a school district and require a school district to allege and prove more specific factual information than would be necessary if the parent were the prevailing party.

*Christiansburg* further cautioned that attorney's fees should not shift to the plaintiff except in the most egregious cases because of the risk of discouraging claims:

> It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Christiansburg* at 421-22. *See also*, *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001).

This warning is especially important in cases involving attorney's fees under IDEA against unsuccessful parents and their attorneys because the risk is high of creating a chilling effect on children and parents to pursue their rights. "[Parents] shouldn't have to face financial ruin for attempting to vindicate the rights of their disabled child." *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126-27 (9th Cir. 2011). Even the filing of a complaint for attorney's fees itself can chill a parent's exercise of her rights, so the Court should scrutinize the Complaint more carefully in this case.

16

A similar chilling effect on attorneys representing parents would occur with an expansive interpretation of the attorney's fees provision. "Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument." *Id*. at 1126. This would be especially detrimental because "[i]n many communities there appear to be few, if any, lawyers experienced or willing to handle" IDEA cases. *ABA Comm. on Nonlawyer Practice, Nonlawyer Activity in Law Related Situations: A Report with Recommendations*, 81 (1995).

Courts applying IDEA's attorney's fees provision have heeded *Christiansburg's* warning and awarded fees to a prevailing school district only in the most extreme cases. For example, the Fifth Circuit awarded fees to a school district where the parent's attorney proceeded with a due process hearing after it was clearly frivolous to do so. *El Paso Indep. Sch. Dist. v. Berry,* 400 Fed. Appx. 947 (5th Cir. 2010). The court noted that the attorney continued to litigate for unnecessary services, unreasonably advised her client to reject the district's settlement offer, and continued to litigate after the district offered all requested relief. *Id*. at 954-55.

In *Amherst v. Calabrese*, the Northern District of Ohio has cautioned against making an award of fees that would be inconsistent with the purposes of the IDEA. Even though the court awarded fees against the parent's attorney, it did so only after the attorney defaulted and failed to reply to the school district's motion for summary judgment. Notably, the court, on its own, ultimately reduced those fees because "[a]dministrative and civil actions against recalcitrant school districts are a necessary part of the statute's enforcement mechanism. Too large an award to a school district against a plaintiff's attorney might deter other attorneys from

17

pursuing meritorious cases. This would be inconsistent with the purposes of the IDEA." Mag. Judge Vecchiarelli's Report and Recommendation, Document 91, adopted in full by the Court, *Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21, 2008).

Conversely, the Ninth Circuit refused to find that the parent's due process claim was frivolous merely because the parent was unsuccessful. *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). Further, the Ninth Circuit stated that filing a non-frivolous lawsuit, even if out of anger, is not an improper purpose that justifies an award of attorney's fees. Rather, anger is in fact a "legitimate reaction by parties who believe that their rights have been violated or ignored." *Id*. at 1227.

Additionally, it is not disputed that prior to getting to a court of competent jurisdiction after special education due process proceedings, parents and parents' attorneys do not receive any sort of discovery, the opportunity to depose witnesses, and are at a huge disadvantage since they cannot talk to teachers or know information that schools possess and have unfettered access to review. These hearings are meant to be informal in nature so that parents could represent themselves and parents are up against the deep pockets of school districts and insurance companies. Not to mention that additional information can be added at the state level review hearing and in the Sixth Circuit parents are permitted to submit additional information that courts shall review. 20 U.S.C. § 1415(i)(2), *Wayne D. v. Beechwood Independent School District*, 482 Fed.Appx. at 58, citing *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840.

Further, pursuant to precedent in the Sixth Circuit and 20 USC 1415(l) parents are required to exhaust administrative remedies through an IDEA special education due process

hearing even if they only want to bring claims in a court of competent jurisdiction under a different statute such as the Americans with Disabilities Act or Section 504 and may not have a valid IDEA claim. *Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281 *citing Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015). Therefore, it is Defendant's position that prior to the completion of discovery at a court of competent jurisdiction and absent a showing of improper purpose, parents' attorneys should never be sued for frivolousness under the IDEA since they do not receive discovery and may be exhausting their administrative remedies as required.

Here, given the potential ramifications to children, parents, and their attorneys, the Complaint should be reviewed critically to ensure that Plaintiffs meets the greater burden of alleging specific facts supporting the ultimate conclusions that the due process complaint was frivolous or that Defendants acted with an improper purpose. The Plaintiffs' Complaint does not meet these standards.

   **3.**  **Plaintiffs Have Failed to Allege Specific Facts to State a Claim for Relief under IDEA.**

   ï   **Plaintiffs' conclusory allegations cannot be taken as true.**

As an initial matter, Plaintiffs' Amended Complaint is riddled with the type of conclusory allegations that the Court in *Iqbal* declared were not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). For example, Solon broadly states in multiple paragraphs that the complaint was "meritless", "frivolous, unreasonable and without foundation," and "without factual or legal foundation".  Doc #:1 ¶¶ 1, 32, 49, 62, 89, 90, 91, 92, 93, 94, 103, 105, 107, 108, 112, 114, 115, 116. Similarly, Solon alleges that "Defendants initiated their due process complaints, including the August 24, 2015 due process complaint, and responded to the District's July 21, 2015 due process complaint

and continued to litigate their claims and defenses even after it was obvious that their claims and defenses were meritless, frivolous, unreasonable, and without foundation." *Id.*

Each paragraph is made up of multiple conclusory statements that, even when taken as a whole, are void of specific factual allegations. Combining several conclusory statements does not equate to factual support. These are exactly the types of deficient statements *Iqbal* warns against and they cannot be taken as true.

Even those statements that may appear to contain specific factual allegations are in fact conclusory statements.  To illustrate, Solon alleges that Defendants pursued an improper purpose by, filing an Objection to all prehearing motions and orders as well as a Notice of intent to seek costs; and, service of subpoenas that disrupted the educational environment. *See* Doc #:1, ¶49, 54. At first glance, these statements may appear specific; however, when considered considering IDEA's attorney's fees standards, they are conclusory. Here, Solon does not allege any facts showing Defendants presented the hearing for an improper purpose. It merely alleges a series of acts and concludes those acts were improper. Those acts, even if true, do not show that the hearing was presented for an improper purpose.

The same concept is true for Plaintiffs' allegations concerning frivolousness. To sufficiently allege frivolousness, Solon cannot simply state that evidence was "without foundation, frivolous, unreasonable, and were intended to harass the District as well as unnecessarily increase the duration and cost of litigation for Plaintiffs. Doc #:1, ¶62. Without more, Plaintiffs' statements are insufficient to pass *Iqbal's* test for conclusory statements and the statements cannot be taken as true. As such, Plaintiffs' Complaint cannot survive and it must be dismissed under *Iqbal* and Rule 12(b)(6).

20

ï       **Plaintiffs do Not Allege Facts to Support Frivolousness.**

Even if true, the facts Plaintiffs allege could never amount to frivolousness. In the Sixth Circuit, an award of attorney's fees must be denied if a plaintiff pursued at least one non-frivolous claim, even if other claims were deemed frivolous. *See, Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6th Cir. 2005) (attorney's fees were denied because plaintiff advanced at least one non-frivolous claim). Since Solon must plead factual matter supporting a claim for frivolousness for all Defendants, this discussion is applicable to Mr. Wallace, Mr. Bache and Wallace & Bache, LLC.

Here, the paragraphs in which Plaintiffs allege frivolousness are Paragraphs 1, 41, 48, 52, 54, 55, 59, 62, 66, 73, 80, 84, 89, 90, 93, 107, 108, 112, 114, 115, 116. In Paragraph 1, Plaintiffs broadly state that the administrative proceeding was "initiated and continued to be litigated by the Defendants even though frivolous, unreasonable, and/or without foundation and in a manner designed to needlessly extend and increase the costs of the litigation." Doc #:1 at ¶1. Neither Paragraph 1 or Paragraphs 41, 48, 52, 54, 55, 59, 62, 66, 73, 80, 84, 89, 90, 93, 107, 108, 112, 114, 115, 116 allege facts that would support frivolousness and are merely conclusory statements. Doc#: 1 at ¶¶41, 48, 52, 54, 55, 59, 62, 66, 73, 80, 84, 89, 90, 93, 107, 108, 112, 114, 115, 116.

Defendants' Client and her attorneys pursued a legitimate due process claim for a legitimate and proper purpose--to resolve a dispute about their client's child's educational services. Plaintiffs have been unable, in their complaint, to plead any facts that could refute Defendants' position that their Client's due process claim was legitimate both in merit and purpose. Further, Plaintiffs provide no examples showing Defendant's "claims were meritless,

21

frivolous, unreasonable and without foundation." In fact, Plaintiffs allege facts that directly

support the Defendant's claims in their Complaint.

For example, in Paragraph 26 Plaintiffs state:

"[t]he July 31, 2015 response submitted by Defendants contained numerous statements that were known or should have been known by Defendants to be false. In fact, perhaps the only accurate facts asserted in the response were that an ETR meeting was held on July 9, 2015, and that the District's due process complaint was initiated on July 21, 2015. Among other inaccuracies and false assertions, the response referenced student's asthma and alleged bullying. At the time of filing the response, Defendants had available to them a document authored by parent affirming that student did not have asthma. Student was likewise not bullied."

Doc #:1 ¶26. However, Plaintiffs also incorporated "Exhibit D" (Doc #: 5-4), the

response supplied to the District's due process complaint.  Doc #:1 ¶25. This document alone

negates the Plaintiffs' allegations Defendants made false assertions, specifically about asthma.

*See* Doc #: 5-4.

Plaintiffs further undermine their own complaint by making more allegations the

Defendant's assertions were false at the time of filing the due process complaint. Doc #:1 ¶29.

Again, Doc#: 5-4 alone gives rise to the assertions truthfulness providing examples of

Defendant's claims having merit. For instance, in Paragraph 29 Plaintiffs state Defendants

argued, in pertinent part:

… Defendants asserted that the District covered up an injury suffered by student, that the District was notified of student's "brain injuries," that the District failed to protect student from being reinjured, that the District failed to address the bullying of student, and that student qualified for an IEP…

Doc #:1 ¶29. However, Doc #: 5-4 provides evidence that K.M. had suffered three concussions

in the past year, had academic decline, and peer issues among other diagnoses. Further, Doc #:

5-7, the IHO's Decision, discusses the District's knowledge of the concussions prior to the

filing of the Macks' due process complaint. Doc #: 5-7 PageID#: 263, 264, 265. Clearly, if

22

Defendants provided the document attached as Doc #: 5-4 to the District on or about July 31, 2015, it was prior to the filing of the Macks' August 24, 2015 due process complaint or the defense of the District's complaint.

Additionally, a claim is not frivolous, regardless of its ultimate success, if it involves a fact-specific inquiry or presents a novel issue of law. *C.W. v. Capistrano Unified Sch. Dist.*, 65 IDELR 31 (9th Cir. 2015). Plaintiffs acknowledge in Paragraph 53 of the complaint that the arguments the Defendants raised, including their motions such as *Objection to All Pre-Hearing Motions and Orders,* were recognized by the IHO as "novel" arguments. Complaint ¶53. As the IHO recognized the arguments as novel, the claim is clearly not frivolous under the *Capistrano* standard.

In this matter, the IHO denied the Plaintiff's Motion to Dismiss filed November 4, 2015. *Hearing Officer's Decision* Doc#:5-7 PageID#:242-3. The denial of the motion to dismiss and the IHO's analysis, finding of fact and conclusions of law gives credence to the seriousness of the underlying proceeding.

In short, Plaintiffs have not pled any facts supporting a plausible claim that Defendants filed or pursued a clearly frivolous due process complaint or that any claims within the due process complaint were frivolous. At most, Plaintiffs' allegations prove that Defendants due process claim was subject to more than one interpretation and ultimately unsuccessful. Identifying a case's points of differing interpretations and eventual failure does not amount to frivolousness. To find otherwise undermines IDEA's purpose by deterring parents from seeking educational services from their child's school district, and contradicts *Christiansburg's* holding that attorney's fees should not shift to a plaintiff simply because she was not ultimately

23

successful in her complaint. Consequently, Plaintiffs' allegations do not amount to frivolousness and the Complaint must be dismissed pursuant to Rule 12(b)(6) and *Iqbal*.

### 2. Plaintiffs do Not Allege Facts to Support an Improper Purpose.

None of Plaintiffs' allegations, even if true, is sufficient to plead a plausible claim that Mrs. Mack's due process claim was filed for an improper purpose. At the outset, the plain language of the statute requires Plaintiffs to plead facts that the due process claim was *presented* for an improper purpose. 20 U.S.C. § 1415(i)(3)(B)(i)(III)(emphasis added). Plaintiffs cannot meet this burden.

Additionally, Plaintiffs must allege both frivolousness and improper purpose. Since attorney's fees must be denied if a plaintiff advances at least one non-frivolous claim, and Plaintiffs have not provided facts sufficient to state a plausible claim that any claim within the due process complaint was frivolous, that alone defeats any claim of an improper purpose. *See, Balmer v. HCA, Inc.,* 423 F.3d 606, 616 (6th Cir. 2005). For a claim to have an "improper purpose" the claim must be both frivolous (without merit) and result from an improper motive. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002), *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011).

Moreover, Plaintiffs have not alleged any specific factual allegations that, even if true, lead to a plausible inference of improper purpose. Plaintiffs imply improper purpose in Paragraphs 30, 33, 39, 43, 45, 46, 49, 51, 54, 55, 62, 71, 113, and 115 of their Complaint by stating that the Defendants "needlessly extend and increase the costs of the litigation", and "protract the hearing." Paragraph 57 states:

> IHO Silagy also again placed Defendants on notice that she did not have jurisdiction over retaliation or Section 504 claims, and specifically advised Defendants that they would need to file a Section 504 complaint. Despite these directives, Defendants pursued these claims during the due process hearing,

24

> thereby unnecessarily protracting the hearing and needlessly increasing litigation costs.

Doc #: 1 at ¶57. Paragraph 59 states:

> Defendants Bache and lmmel also refused to stipulate to the fact that the parent was represented by counsel during the July 9, 2015 ETR meeting, despite the fact that Defendant Wallace was present at said meeting and signed the ETR attendance sheet, "Jason Wallace, counsel." Defendant Bache even went so far as to state that Defendant Wallace was acting only as a lay advocate. Further, Defendants were in possession of a recording made without the District's knowledge or consent of the July 9th meeting that established this claim regarding the role of Defendant Wallace to be false. This frivolous conduct resulted in a lengthy delay of the due process hearing during which Defendants Bache and lmmel stepped out to deliberate on whether to stipulate to the fact known by each to be true by way of a phone call to Defendant Wallace. Following this lengthy display of frivolous conduct and corresponding delay, Defendants ultimately agreed to stipulate to the fact known by them to be true; i.e., that Defendant Wallace was acting as the parent's counsel at all times relevant.

Doc #: 1 at ¶59.

First, Plaintiffs accuse Defendants of focusing on issues that were irrelevant and/or that were not before the IHO, that Defendant Bache would not stipulate and stepped out to deliberate with Defendant Immel to deliberate about stipulating. These statements do not raise a plausible inference that Defendants *presented* the due process hearing for an improper purpose. Instead, it implies that the Defendants examined an issue they raised in their complaint and that required exhaustion before being brought as a Section 504 civil action. *See* 20 USC 1415(l).

Second, Plaintiffs allege that Defendants protracting the hearing was demonstrated by Defendant Bache pursuing claims that are related to Section 504. Doc #: 1 at ¶57. However, as the SLRO stated in her decision:

> "When claims, such as 504 and ADA claims, relate to the provision of the child's education and can be remedied through IDEA procedures, exhaustion through the IDEA procedures is required. *Fry ex rel EF v. Napoleon County Schs,* 788 F.3d 622, 65 IDELR 221 (6th Cir. 2015), cert. granted, 116 LRP 27666, 136 S. Ct. 2540 (2016) (involving claims of violations of the ADA and the Rehabilitation Act and state disability law but not IDEA claims).

25

Exhaustion ensures that complex factual disputes over the education of disabled children are resolved, or at least analyzed, through specialized local administrative procedures. Id. 625.

Parent chose the IDEA procedure to litigate all claims and, consequently, has exhausted her various claims through the local administrative procedure invoked here. The IHO properly ruled that she does not have jurisdiction over Parent's Section 504 claims or other non-IDEA federal claims. The due process hearing jurisdiction under IDEA is limited to matters relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child. O.A.C. 3301-51-05(K)(7)(a)(i). Her dismissal of theses other federal claims constitutes exhaustion of these claims."

Doc #: 5-8 PageID #:366-367. Clearly, exhausting claims that are remediable under the IDEA to

complying with federal law cannot be deemed unnecessary.

Third, Plaintiffs allege Mr. Wallace's intent to cause delay was evidenced by

"Defendants requested that the Disclosure Conference be continued, but the IHO denied the

request the following day." Doc #:1 at ¶38.  They further allege delay in Paragraph 43 and 44:

"On December 21, 2015, Defendant Wallace submitted an e-mail to IHO Silagy using Defendant Roderick Linton's e-mail server. This e-mail sought addition time to produce exhibits to the District, sought to only provide the exhibits in electronic format, asked for additional days of hearing to be added, asked the IHO to reconsider prior rulings, and asked to be relieved of the obligation to further clarify issues. This e-mail was opposed by the District. IHO Silagy allowed Defendants until December 28, 2015 to produce exhibits and denied all other requests. At the time Defendant Wallace submitted his e-mail, Defendants knew it was without foundation, that it would increase the cost of litigation for Plaintiffs, and that it would serve to unreasonably protract and delay the matter."

Doc #:1 at ¶43.

"Upon information and belief, Defendants Wallace and Bache knew by mid-December 2015 that they had developed scheduling conflicts in relation to the first two days of hearing, yet failed to identify any such scheduling conflicts to Plaintiff District or IHO Silagy. Defendants' failure to properly manage the calendars and/or dockets of Defendant Wallace and Defendant Bache and their failure to provide timely notice of such mismanagement served to needlessly delay the proceedings as is set forth more fully below."

26

Doc #:1 at ¶44. These allegations have no relevance to whether the hearing was *presented* for an improper purpose. The only plausible inference from this statement is that Defendants' needed additional time. Further, requesting a continuance is common in litigation and does not become improper simply because the opposing party objects to it. In fact, extensions of time in due process hearings are specifically contemplated.  Ohio Admin. Code 3301:51-05 (K)(15)(c).

Third, Plaintiffs allege that Mrs. Mack's prolonging and protracting the hearing was evident by Defendants continuing to litigate all the issues on appeal and filing a "Motion to Supplement Record" and Statement of Additional Evidence." The only plausible inference this statement creates is that Ms. Mack did not agree with the underlying hearing officer's decisions, filed an administrative appeal under O.A.C. 3301-51-05(K)(14) in order to receive a de novo review of the substantive and procedural issues, wanted to supplement the record under O.A.C. 3301-51-05(K)(b)(iii)(c), and was seeking to be able to exhaust her administrative remedies for other claims prior to bringing a new action regarding children with disabilities in a court of competent jurisdiction as described in O.A.C. 3301-51-05(K)(17)(e) and 20 USC 1415(l).

The IDEA requires a plaintiff to exhaust administrative remedies before filing suit under the ADA or Rehabilitation Act, even if no IDEA claim is alleged in the complaint, if her discrimination claims implicate her right to receive a free appropriate public education. *Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281 *citing Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015). As stated in *Gibson v. Forest Hills, "*The most sensible reading of the Ohio regulation requires an aggrieved party to file a notice of appeal with the Ohio Department of Education if the party wishes to preserve objections to an IHO's decision. If the SLRO does not exercise whatever discretion she may have to consider an

27

appellee's forfeited argument, a party's failure to file such a notice means that the party has not exhausted administrative remedies. This reading of the regulation not only fulfills our obligation to give meaning to each and every part of a regulation, *see Myers*, 116 N.E. at 517, but also ensures that the parties, the Ohio Department of Education, and the SLRO have ample opportunity to correct any of the IHO's mistakes, see *Donoho*, 21 F.App'x at 296." *Gibson v. Forest Hills Local School District Board of Education*, 14-3575, 14-3833, 14-3834, 15-3833.

Finally, in Paragraph 5, Plaintiffs set forth that K.M. "is a minor child who resides within the Solon City School District and who has been identified as a student eligible to receive special education and related services." Doc #: 1 at ¶5. If the allegations in Plaintiffs' Complaint must be accepted as true under *Iqbal*, then Paragraph 5 must be included in that acceptance, and Plaintiffs have thereby shown K.M. was known by the District to have a disability and their evaluation was invalid. This statement shows the violated child find under IDEA or Section 504.

The examples show that, even if every allegation in the Complaint were taken as true, Plaintiffs stated no allegations that would permit this Honorable Court to infer that Defendants presented the due process action for an improper purpose or that the matter was frivolous. This is not the type of "egregious case" IDEA contemplates as requiring an award of attorney's fees to Plaintiffs. As such, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6).

### 3. Plaintiffs allege facts that are incorrect and not supported by applicable law after having been notified of the correct law.

Plaintiffs assert the Defendants failed to provide a reason for Client's disagreement with the evaluation which they provided prior to requesting an Independent Educational Evaluation ("IEE") citing O. A. C. 3301-51-06(G)(1)(b)(i)(b).  Plaintiffs first asserted this argument in their Due Process Complaint dated July 21, 2016 Complaint ¶23. Defendants

28

responded to the Plaintiffs' Due Process Complaint in a letter dated July 31, 2015. Complaint ¶25, Doc #: 5-4 PageID #: 255. Defendant's response directed the Plaintiff to O. A. C. 3301-51-05(G)(2)(d) which states:

> (d) If a parent requests an independent educational evaluation, the school district of residence may ask for the parent's reason why the parent objects to the public evaluation. However, *the school district may not require the parent to provide an explanation* and *may not unreasonably delay* either providing the independent educational evaluation at public expense or *filing a due process complaint to request a due process hearing to defend the public evaluation. (emphasis added).*

Plaintiffs are aware of their incorrect assertion of law yet continue to litigate same. In their Due Process Complaint, the Plaintiffs even assert that they delayed their issuing a response to the request for an IEE to be provided a statement of disagreement. Doc #: 5-3 PageID #: 223. Both the requiring a statement of disagreement and delaying the PR-01 and filing of a due process complaint were improper, and to continue to assert the incorrect law to this Honorable Court after being put on notice is a sanctionable offense for which this Honorable Court should be aware.

### C. Plaintiffs Request Relief to Which They Are Not Entitled Under Law.

**1. 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Imposes Liability Only on the Attorneys Participating in the Administrative Proceedings and does not Impose Vicarious Liability on the Law Firm that Employs Those Attorneys.**

The pertinent language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) is substantially similar to the language of 28 U.S.C. §1927, which states:

> *Any attorney or other person admitted to conduct cases in any court of the United States* or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010) the United States Sixth Circuit Court of appeals determined that 28 U.S.C. § 1927 does not

authorize the imposition of sanctions on law firms. In so ruling, the *BDT Products* court looked to the clear language of the statute, which designates only the "attorney or person admitted to conduct cases" as persons who can be sanctioned. Accordingly, the *BDT Products* court determined that the language of 28 U.S.C. § 1927 is not broad enough to impose sanctions on the law firm employing such attorney. The *BDT Products* court conceded that, if read in isolation, the "other person" reference in 28 U.S.C. § 1927 might be broad enough to include unnatural persons such as a law firm entity. Reading the statute as a whole, however, the Court went on to determine that law firms are not "admitted" to "conduct cases" within the meaning of 28 U.S.C. § 1927 and that the statute could not be read to allow the imposition of sanctions against the law firm of an offending attorney.

20 U.S.C. § 1415(i)(3)(B)(i)(II-III) presents an even simpler analysis, as it speaks to no "other person" who might be liable for sanctions – only "*the attorney*" of a parent who files a complaint or subsequent action that is frivolous or "*the attorney*" of a parent who continue[s] to litigate after the litigation clearly bec[omes] frivolous, unreasonable, or without foundation. The plain language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) covers only "the attorney" involved in filing a complaint and litigating the action – it does not even arguably reach the attorney's law firm.

In deciding *BDT Products*, the Sixth Circuit relied on rationale of the United States Supreme Court in *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), where the Supreme Court considered the question of whether sanctions were possible against a law firm under an earlier version of Fed. R. Civ. P. 11. The former version of Rule 11 assessed liability only against the "person who signed" pleadings. The Supreme Court determined that "the person who signed" as stated in former Rule 11

30

could only mean the individual signer and not her partnership. Rule 11 was since amended to read "[i[f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

The language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) is a far cry from the language of Rule 11 as it is currently constituted. Instead, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) more closely resembles the former language of Rule 11, under which the Supreme Court ruled that liability could not attach to the signing attorney's law firm. 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) provides no indication that a law firm can be held liable for the sanctions it permits against the attorney of a parent. Like former Rule 11 and 28 U.S.C. § 1927, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) permits sanctions against the individual lawyer and not her law firm. Accordingly, any claim relating to Wallace & Bache LLC should be dismissed as a matter of law.

> **2. Plaintiff Liberty Mutual Insurance Company is Not a Proper Plaintiff Since it is Not a Prevailing Party nor a State Educational Agency or Local Educational Agency.**

Much like the argument immediately before this argument, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) only allows state or local educational agencies to recoup attorneys' fees under the fee shifting scheme. From the corporate disclosure filed by the Plaintiffs, it appears Plaintiff Liberty Mutual Insurance Company is an insurance company. As such, it obviously is not a state or local educational agency, and therefore, is not entitled to fees. For this reason, any claim relating to Plaintiff Liberty Mutual Insurance Company must be

31

dismissed as a matter of law.

### 3.  20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Does Not Authorize the Court to Award the Hearing Officer and Transcription Fees Requested by the Plaintiffs.

Plaintiffs cannot recover from Defendants the cost of the court reporter and transcript fees or the hearing officer's fee as those costs are clearly borne by the school district under Ohio law. A complaint must be dismissed if the claim for relief itself is precluded under law. *Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787, 795 (S.D. Ohio, 2009). Courts addressing this issue have not awarded the costs of the underlying administrative hearing, such as court reporter and hearing officer fees, to school districts. *See e.g*. *Cypress-Fairbanks Indep. Sch. Dist. v. Barry*, 118 F.3d 245 (5th Cir. 1997); *Lax v. District of Columbia*, 517 F. Supp.2d 57 (D. D.C. 2007); *Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21, 2008). Further, Ohio law addresses the issue of costs directly and places the responsibility on the school district. Ohio Admin. Code 3301:51- 05(K)(16)(a), (b), and (d) state:

> Cost of hearings: (a) The school district of the child's residence shall provide one copy of the written, or at the option of the parents, an electronic verbatim record of the hearing and findings of fact and decisions to the parent at no cost.
> (b) All other cost incurred in impartial due process hearings requested by the parent shall be assumed by the school district of the child's residence, except as follows:
> (i) Expert testimony, outside medical evaluation, witness fees, subpoena fees, and cost of counsel will be paid by the party requesting the services;  and
> (ii) If requested by the parents or their attorney, additional copies of the record of the hearing and findings of fact and  decisions.
> . . .
> (d) School districts shall compensate hearing officers upon invoice at an hourly rate not higher than that established for special counsel for the state of Ohio. School districts shall compensate hearing officers for no more than fifty hours of actual hearing time, excluding work done outside of the hearing, for any due process request unless the hearing officer submits to the Ohio department of education, office for exceptional children a written rationale for a hearing to exceed fifty hours of hearing time.

O.A.C. 3301:51-5(K)(16)(a), (b), and (d).

Ohio regulations place the burden of costs such as the court reporter, transcript, and hearing officer fees on school districts without exception.  Additionally, in *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459, 165 L. Ed. 2d 526 (2006) the United States Supreme Court considered a case where parents were the prevailing parties at the administrative level and sought to recover their expert fees in the administrative action as "costs" under the IDEA fee shifting statute. The Supreme Court determined that parents were not entitled to such fees, and, more specifically, stated that the IDEA fee shifting statute "does not say that a court may award 'costs' to prevailing parents; rather, it says that a court may award reasonable attorney's fees 'as part of the costs' to prevailing parents."  Costs and expenses are not able to be awarded to either party if they are determined to be the prevailing party.

Plaintiffs have not alleged any factual matter or legal support for requesting these costs. Therefore, Plaintiffs request for reimbursement of these fees must be dismissed as such a claim is precluded by Ohio law.

**D.      U.S.C. §1415(i)(3)(B)(i)(II)-(III) does not impose liability for defending against due process complaints brought by the BOE.**

20 U.S.C. § 1415(i)(3)(B)(i)(II) provides in pertinent part:

> **(B)**   Award of attorneys' fees
>
> > **(i)      In general** In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
> >
> > > **(II)**    to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent *who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate*

33

> *after the litigation clearly became frivolous, unreasonable, or without foundation*; or
>
> **(III)**  to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, *if the parent's <u>complaint</u> or <u>subsequent cause of action</u> was presented for any improper purpose*, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

The language of 20 U.S.C. § 1415(i)(3)(B)(i)(II), and even more clearly the language of 20 U.S.C. § 1415(i)(3)(B)(i)(III), permit a local educational agency to be awarded attorney fees only with respect to a "complaint" that is filed by a parent or on a parent's behalf or a "subsequent cause of action" that is filed by a parent or on a parent's behalf. No cause of action lies where, as here, a parent is *defending* against a complaint brought by the BOE.

As the District Court for the Western District of Texas noted in *M.L. v. El Paso Indep. Sch. Dist., No*. 3:08-CV-76-KC, 2009 WL 2761681, at \*11 (W.D. Tex. Aug. 26, 2009), <u>aff'd</u> <u>sub nom</u>. *El Paso Indep. Sch. Dist. v. Berry*, 400 F. App'x 947 (5th Cir. 2010): "[t]hese fee-shifting statutes appear designed to award fees to a prevailing educational agency for its *defense* against frivolous and harassing claims." (Emphasis in original). A construction that limits the award of attorney fees available in 20 U.S.C. § 1415(i)(3)(B)(i)(II) and 20 U.S.C. §1415(i)(3)(B)(i)(III) to actions brought by parents against the BOE is likewise consistent with the legislative history of the IDEA's 2004 reauthorization:

> Mr. GEORGE MILLER of California. Mr. Speaker, I also want to point out one oversight. A sentence in the Statement of Managers' language of the Conference Report that provided the explanation for the attorneys' fees language was inadvertently left out. By adding at Note 231 sections detailing the limited circumstances in which LEAs and SEAs can recover attorneys' fees, specifically Sections 615(i)(3)(B)(i)(II) and (III), the Conferees intend to codify the standards set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).  According to *Christiansburg*, attorneys' fees may only be

34

awarded to *defendants in civil rights cases where the plaintiff's claims are frivolous, without foundation or brought in bad faith*.

150 Cong. Rec. H 10006; 150 Cong. Rec. H 10021.

Likewise, in the Congressional Record for the December 2004 amendment of the IDEA, Senator Kennedy took note of the "important issue of attorney's fees" and referred to the "language of the conference report that provided the explanation for the attorney's fees language," stating that "the conferees intend[ed] to codify the standards set forth in Christiansburg *Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)." 150 Cong. Rec. S 11543; 150 Cong. Rec. S 11654. Senator Kennedy specifically recited the *Christiansburg* standard, affirming that "attorney's fees may **only** be awarded to defendants in civil rights cases where the **plaintiff's claims** are frivolous, without foundation or brought in bad faith." 150 Cong. Rec. S 11543; 150 Cong. Rec. S 11654; see also 150 Cong. Rec. H 10006 (stating that "the Conferees intend to codify the standards set forth in Christiansburg"). Finally, the Second Circuit has explicitly held in an IDEA case, "[w]ith respect to prevailing-defendant educational agencies, Congress explicitly adopted the standard applicable to prevailing defendants in civil rights cases established in *Christiansburg* ...." *Mr. L. v. Sloan*, 449 F.3d 405, 407 n. 2 (2d Cir.2006).

In *Christiansburg*, the United States Supreme Court held that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that *his claim* was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate *after it clearly became so*." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978)(Emphasis added.)

Reading 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) along with the legislative history requires an interpretation that attorney fees expended by the BOE in *prosecuting* its own complaint with respect to a student of the BOE school district are not recoverable. Instead, 20

35

U.S.C. § 1415(i)(3)(B)(i)(II) permits the BOE to recover fees only where it *defends* against a complaint or subsequent cause of action that is filed against it that is frivolous, unreasonable, or without foundation at the time the complaint or subsequent cause of action is filed, or beyond a point where a complaint that was not frivolous, unreasonable or without foundation becomes so. 20 U.S.C. § 1415(i)(3)(B)(i)(III) allows the BOE to recover attorney fees only where *it defends* against a complaint or subsequent cause of action that is presented for any improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation.

Accordingly, to the extent the BOE seeks attorney fees with respect to the prosecution of its own due process complaint filed on July 21, 2015 (*e.g.*, Ohio Department of Education Case No. 3156-2015) pursuant to O.A.C. § 3301-51-06(G)(2)(b) to a determination by the IHO, those attorney fees cannot be recovered against any Defendant. Again, pursuant to the Ohio Administrative Code and the corresponding section of the Code of Federal Regulations, the BOE elected to incur the expense of proving to an independent hearing officer that the public evaluation it conducted for the student was appropriate to avoid the cost of complying with the parent's request to provide an IEE at public expense. The School District's attorney fees incurred in demonstrating that its evaluation was appropriate was a necessary consequence of its election and fee shifting is not appropriate. Neither 20 U.S.C. § 1415(i)(3)(B)(i)(II) nor (III) allow the BOE to recover expenses it incurs in prosecuting the due process complaints that it files.

**E. The Complaint Should Be Dismissed as Its Deficiencies Cannot Be Remedied**

Finally, Plaintiffs should not be allowed to amend their complaint because Plaintiffs had to know of the complaint's deficient pleadings at the time of filing. "Denial of leave to amend is warranted where there is undue delay, bad faith, or a dilatory motive on the part of the movant, the amendment would be futile, or undue prejudice would result to the opposing

36

party." *Frey* at 796  citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Plaintiffs have not demonstrated that they are able to allege facts that state a plausible claim for relief; therefore, an amendment would be futile. *Id.* Defendants request that the Complaint be dismissed rather than allowing Plaintiffs to amend its complaint and continue to attempt to thwart protected activity.

### 1.      Plaintiffs' Claims and Alleged Damages are Time-Barred by the Statute of Limitations and, therefore, Lack Subject Matter Jurisdiction.

Plaintiffs' Complaint seek attorneys' fees and costs for the underlying due process hearing and attempted appeal which are clearly barred by the statute of limitations, and as such, deprives this Honorable Court of subject matter jurisdiction over the instant action.[4] In the opening statement of its opinion in *King ex rel. King v. Floyd Cty. Bd. of Educ*., 228 F.3d 622, 623 (6th Cir. 2000), the United States Sixth Circuit Court of appeals framed the issue before it as follows:

> The question presented in this case—an action brought under the statute now known as the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq.—is what limitations period applies to the filing of suits for attorney fees incurred in administrative proceedings where the substantive issues were resolved in favor of the claimants. The Act itself contains no statute of limitations for such situations, and there is a circuit split as to the approach that should be followed in filling the gap.

*King* involved a case where a dispute between parents and a school district involving the IDEA had proceeded through the administrative stages in Kentucky and where the parents had been determined to be the prevailing parties at the administrative level.  More than nine months later, the parents filed an action in district court under the IDEA fee shifting statute,

---

[4] Plaintiffs cannot legally recover the costs of the hearing officer and stenographer they are seeking as addressed later in this Memorandum.

seeking an award of attorney fees.  The *King* court recognized that the IDEA itself does not include a statute of limitations for bringing an attorney fee action as authorized by 20 U.S.C. § 1415(i)(3)(B)(i).

The *King* court determined that (1) because the IDEA contained no specific statute of limitations, the most appropriate state statute of limitations must be determined by the Court; (2) generally, courts determine which state statute or cause of action is most analogous to the federal cause of action, (3) the fee claim authorized by 20 U.S.C. § 1415(i)(3)(B)(i) is "ancillary to the underlying education dispute" and "part and parcel" of the administrative proceeding; and (4) therefore, Kentucky's 30-day statute of limitations for appeal from an administrative order was appropriately applied.

Understanding that the Sixth Circuit Court of Appeals has determined that an award of fees is, in essence, an extension of the administrative proceedings, in Ohio O.K.M. § 119.092 supplies the most analogous statute of limitations/deadline for seeking a fee award. Specifically, O.K.M. § 119.092(C) allows a party to file an action in common pleas court requesting the court to make a ruling on a fee award to a prevailing party in an administrative action.  The deadline set forth in O.K.M. § 119.092(C) for filing such an action is "the period specified in section 119.12 of the Revised Code."   In other words, the action involving fee awards to a prevailing party in an administrative proceeding must be commenced within fifteen days after the mailing of the notice of the agency's order.  *See* O.K.M. 119.12(D) (specifically stating "[f]or purposes of this paragraph, an order includes a determination appealed pursuant to division (C) of section 119.092 of the Revised Code.").  With this understanding, O.K.M. § 119.12's 15-day limitations period is the Ohio limitation period that most closely resembles the School District's cause of action for attorney fees.

38

It is important for the Court to understand that Ohio Revised Code Section 3323.05(H) does not supply the appropriate statute of limitations for bringing an action for attorney fees under the IDEA. Revised Code Section 3323.05(H) does little other than repeat the language of 20 U.S.C. §1415(i)(2)(B), which states that "[t]she party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows."[5] This statutory language was present in the IDEA when the *King* court issued its decision, and yet the *King* court determined that "the Act itself contains no statute of limitations [for bringing an action for attorney fees]." The *King* court did not determine that Ky.Rev.Stat. 13B.140(1) included an "an explicit time limitation" for bringing an attorney fee action (as opposed to an appeal of a hearing officer's decision) – only that it was the most analogous statute to a situation where an action for attorney fees is brought by the prevailing party at the administrative level.

Both Ohio Revised Code Section 3323.05(H) and 20 U.S.C. §1415(i)(2)(B) provide appeal rights only to an "aggrieved party." The Plaintiffs were not aggrieved by any aspect of either the IHO decision or the SLRO decision – instead they seek fees based on its status as a prevailing party. It is O.K.M. §§ 119.092(C) and 119.12 that together provide a limitations period for a prevailing party of an administrative proceeding to commence an action in court to recover attorney fees. The limitations period is fifteen days.

---

[5] O.R.C. §3323.05(H) keeps 20 U.S.C. §1415(i)(2)(B)'s 90-day limitation for an aggrieved party to file an appeal from an SLRO's decision to federal court and prescribes a 45-day limitation period if an *aggrieved* party chose to file an appeal in state court. O.R.C. §3323.05 says nothing about the limitations period for a prevailing party to file an action seeking attorney fees. Accordingly, it cannot be said to be the state cause of action that is most analogous to the federal cause of action for attorney fees.

Similarly, short time limitations for seeking attorney fee awards are generally recognized as proper. Compare *King* (30 days), *Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552 (7th Cir.1995) (30 days) and O.K.M. §2323.51(B)(1) (providing 30 days to file a motion with a court for attorney fees as sanctions after final judgment). When discussing the impact of a thirty (30) day time period the Sixth Circuit in *King* considered Federal Rule of Civil Procedure 54(d)(2)(B) when holding that a short time period to recoup fees was consistent with federal law or policy and stated:

> We are strengthened in this view by the thought that if the plaintiffs had not prevailed on the underlying educational issues until the judicial review stage, they would have had only 14 days after the entry of judgment within which to move for attorney fees. Rule 54(d)(2)(B), Fed. R. Civ. P.

*King* at 627. Therefore, allowing the Plaintiffs fifteen (15) days from the date of accrual of the cause of action to submit an action for fees is clearly reasonable.

The IHO issued the decision for the underlying administrative due process hearing on the 29th day of April, 2016. The IHO ruled in favor for the Plaintiff school district for the issues presented in SE 3156-2015, initiated by the Plaintiff, and all claims brought by the Mack family in SE 3168-2015. Being the only aggrieved party, the Mack family filed an appeal to the state level review officer ("SLRO") approximately forty-five (45) days later on the 13th day of June 2016. The SLRO decided the Mack family's appeal on 7th day of November 2016. Plaintiffs filed the instant action on the 22nd day of November 2016. Thus, Plaintiffs' Complaint was filed approximately two hundred seven (207) days after the date of the IHO's decision and fifteen (15) days after the SLRO's decision.

As can be determined by comparing the certificates of service of the IHO decision and SLRO decision respectively, and the filing date of the Plaintiffs' Complaint, the Plaintiffs did

40

not file its Complaint within the applicable 15-day limitation period. Accordingly, the Plaintiffs' action is time-barred and should be dismissed in its entirety.

## IV.    <u>CONCLUSION</u>

The statute of limitations bars the Plaintiffs' Complaint, the Complaint lacks subject matter jurisdiction, and fails to state a claim as it is riddled with conclusory allegations that, even if true, could never meet the IDEA's attorney's fees standards. Additionally, Plaintiffs requests costs that it cannot recover under Ohio law or the IDEA. Consequently, Plaintiffs' Complaint should be dismissed. Finally, Defendants request that the Court not permit Plaintiffs to amend its complaint as the complaint's deficiencies cannot be remedied.

Respectfully submitted,

/s/ Jason Wallace
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC

41

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2016, a copy of this pleading was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Jason Wallace
Jason Wallace (0090167)
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC