

# Smith
# Peters
# Kalail
### CO., L.P.A.

ATTORNEYS AT LAW

PAUL J. DEEGAN

DAVID S. HIRT

KARRIE M. KALAIL

KRISTA KEIM

SARAH E. KUTSCHER

SHERRIE C. MASSEY

MARIA PLARE MUELLER

KATHRYN PERRICO

SCOTT C. PETERS


SENIOR OF COUNSEL

DAVID KANE SMITH

Direct Dial:216-503-5062
kperrico@ohioedlaw.com

July 21, 2015

**VIA CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**
Jason D. Wallace, Esq.
Roderick Linton Belfance LLP
50 South Main Street, 10th Floor
Akron, Ohio 44308

RE:            and Solon City School District
        Case No. TBD

Dear Mr. Wallace:

This office represents the Solon City School District, which is requesting a Due Process Hearing in relation to            As identified below, Joseph Regano is the Superintendent.            ("Parent"), the mother of and         reside at 6611 Edgemoor Ave., Solon, Ohio 44139. District records indicate that Ms.        can be reached at 216-534-0969. During the 2015-2016 school year        will be attending Solon High School, having recently completed her eighth grade year.        has never been identified as a student with a disability who was eligible for special education and related services, nor has she been found eligible as disabled within the meaning of Section 504 of the Rehabilitation Act of 1973. The bases for this Due Process Complaint are briefly set forth below.

On July 9, 2015, the District completed an initial evaluation of        and determined that she is not eligible for special education and related services. An Evaluation Team Report ("ETR") meeting was held to discuss the results of this evaluation on July 9, 2015. Parent, represented by counsel throughout the meeting, participated fully in the meeting, but disagreed with the eligibility determination. Parent noted her disagreement on the signature page of the ETR, but has not provided a statement of disagreement as required by O.A.C. § 3301-51-06(G)(1)(b)(i)(*b*). After briefly delaying the issuance of a Prior Written Notice ("PR-01") to allow Parent ample opportunity to provide her statement of disagreement, the District issued a PR-01 on the subject of the ETR on July 20, 2015. This PR-01 is incorporated herein by reference and is enclosed for the convenience of the Impartial Hearing Officer.

Parent, through counsel, asked for an independent evaluation ("IEE") almost immediately after the eligibility determination was made and, again though counsel, formalized this request by letter dated July 14, 2015. Because the District's ETR is appropriate and fully-compliant with O.A.C. §3301-51-06, this Due Process Request serves to deny Parent's request for an IEE and will be sent to Parent by the District and placed in Student's educational record.

*p* 216 | 503-5055
*f* 216 | 503-5065
3 Summit Park Drive | Suite 100
Cleveland, OH 44131-2582

WWW.OHIOEDLAW.COM

EXHIBIT C

Jason Wallace, Esq.
July 21, 2015
Page No. 2

Pursuant to O.A.C. § 3301-51-05(K)(8); 20 U.S.C. §1415(b)(6) and (f); and 34 C.F.R. §§ 300.502(b)(2)(i) and 300.507, the District hereby requests a Due Process Hearing and asks that the Ohio Department of Education appoint an Impartial Hearing Officer to hear the following issues:

1) Whether the District's ETR is appropriate;

2) Whether the District, because of the propriety of its ETR, appropriately denied Parent's request for an IEE;

The District requests a finding in its favor on all two issues.

The District, although the filing party, would be willing to convene a Resolution Session to attempt to resolve this matter amicably. Further, the District is willing to participate in mediation. Accordingly, the District asserts that the 30-day resolution period is no less applicable simply because it is the filing party, and asks that the appointed Impartial Hearing Officer not take jurisdiction of this matter until the 30-day period has run.

The District encloses a copy of *Whose Idea is It?* and information relating to low cost legal services that may be available to your client. Please note that these enclosures are not being sent to the Ohio Department of Education. Please contact me to discuss the scheduling of the Resolution Session and/or mediation.

Sincerely,

Kathy Perrico

KIP:klw

Encl:               PR-01 dated July 20, 2015;
                    *Whose Idea is It?*

cc:    Bernadette Laughlin, Due Process Coordinator, Ohio Department of Education
       Joseph Regano, Superintendent
       Dale Jakab, Coordinator of Student Services
       David S. Hirt, Board Counsel
       Lindsay Ferg Gingo, Board Counsel